## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES HUNT,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** _____ |
| | ) | |
| **21ˢᵗ MORTGAGE CORPORATION,** | ) | |
| **a Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's

Complaint against the Defendants states as follows:

### PARTIES

1.      Plaintiff Charles Hunt is a resident of Jefferson County, Alabama, over 19

years of age, and is competent to bring this action.

2.      Defendant 21ˢᵗ Mortgage Corporation (hereinafter "21ˢᵗ Mortgage") is a Delaware

corporation with its principal place of business located in Knoxville, Tennessee and was doing

business in Jefferson County, Alabama at all times material to this Complaint.

3.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331.

### FACTUAL ALLEGATIONS

4.      Plaintiff is married to Amelia Hunt, who Defendant contends incurred a financial

obligation to Defendant prior to January, 2011.

5.      Defendant 21ˢᵗ Mortgage began harassing collection activities against Plaintiff.

Defendant 21st Mortgage made dozens of harassing and repeated phone calls to Plaintiff's cell phone.

6.      Defendant 21st Mortgage illegally used an autodialer to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227, et seq. ("TCPA[1]").

7.      Further, Defendant 21st Mortgage continued to use an autodialer to call Plaintiff's cell phone after Plaintiff expressly revoked any permission 21st Mortgage may have thought it had been given to do so.

8.      Defendant 21st Mortgage illegally used a predictive dialer to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

9.      Further, Defendant 21st Mortgage continued to use a predictive dialer to call Plaintiff's cell phone after Plaintiff expressly revoked any permission 21st Mortgage may have thought it had been given to do so.

10.     Defendant 21st Mortgage illegally used pre-recorded calls to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

11.     Further, Defendant 21st Mortgage continued to use pre-recorded calls to call Plaintiff's cell phone after Plaintiff expressly revoked any permission 21st Mortgage may have thought it had been given to do so.

12.     The volume and type of calls are harassing as the intent and motive behind them are to harass Plaintiff.

13.     Plaintiff has verbally instructed Defendant 21st Mortgage numerous times to cease

---

[1] Any reference to the FDCPA or the TCPA includes all applicable subsections whether explicitly stated or not.

and desist making calls to his cellular telephone number explaining to Defendant it did not have her permission to call him on his cellular telephone and that the debt Defendant was calling him about was not even a debt of his or with which he had any responsibility.

14.     Plaintiff's wife, Amelia Hunt, was caused to write a letter on or about August 8, 2011 to Defendant 21st Mortgage informing it once again the number it was calling was a cellular telephone number protected by the TCPA, instructing it to stop the harassing, annoying, and oppressive phone calls to her cellular telephone, and expressly revoking any authorization it may have thought it had to call her cellular telephone; and said correspondence of August 8, 2011 was sent certified mail, return receipt requested and was received and signed for by Defendant 21st Mortgage on August 12, 2011.

15.     Plaintiff continually instructed Defendant not to call him on his cellular telephone and told Defendant that the telephone was a work telephone, yet Defendant failed and refused to cease calling Plaintiff on his cellular telephone.

16.     However, after receiving the August 12, 2011 cease and desist letter, as well as being told numerous times by Plaintiff that Defendant did not have permission to call his cellular telephone, Defendant 21st Mortgage continued to use an autodialer and/or predictive dialers to make repeated telephone calls to Plaintiff's cellular telephone and failed and refused to cease the calls even after having received Plaintiff's wife's correspondence that she expressly revoked any permission Defendant had to call her cellular telephone and after being told numerous times by Plaintiff that he was not responsible for this debt and to cease and desist calling Plaintiff's cellular telephone.

17.     Defendant 21st Mortgage failed and refused to cease and desist the calls to his cellular telephone.

18.     All telephone contact by 21st Mortgage to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

19.     The telephone calls placed by 21st Mortgage to Plaintiff's cellular telephone via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

20.     The telephone number that 21st Mortgage used to contact Plaintiff, with a "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

21.     The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22.     Plaintiff never gave Defendant express consent to call his cellular telephone, and further, repeatedly instructed Defendant not to call him on his cellular telephone utilizing an "artificial or prerecorded voice" or calls placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

23.     21st Mortgage did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

24.     21st Mortgage's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. §227(b)(1)(A).

25.     Defendant 21st Mortgage illegally used a predictive dialer to call Plaintiff's cell phone

without permission to do so in violation of the Telephone Consumer Protection Act (TCPA). Defendant 21st Mortgage illegally used pre-recorded calls to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

26.     Plaintiff never gave Defendant 21st Mortgage express consent to call Plaintiff's cell phone with an autodialer or  with a predictive dialer.  Further, Plaintiff never had <u>any</u> <u>business relationship</u> with Defendant 21st Mortgage and even expressly instructed Defendant 21st Mortgage not call Plaintiff on his cellular telephone.

27.     Plaintiff never gave Defendant 21st Mortgage permission to call Plaintiff's cell phone with pre-recorded calls. In addition, Plaintiff never had <u>any</u> <u>business</u> <u>relationship</u> with Defendant 21st Mortgage and even expressly instructed Defendant 21st Mortgage not call Plaintiff on his cellular telephone.

28.     The volume and type of calls are harassing as the intent and motive behind them is to harass Plaintiff.

29.     The above-detailed conduct by Defendant 21st Mortgage of harassing Plaintiff was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

30.     This series of abusive collection calls by Defendant 21st Mortgage by and through its employees, agents, and/or representatives caused Plaintiff stress and anguish as a result of these abusive calls.

31.     Defendant 21st Mortgage's repeated attempts to collect this debt from Plaintiff and its refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

32.     Plaintiff has suffered actual damages as a result of these illegal collection

communications by Defendant 21st Mortgage in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

33.     Defendant 21st Mortgage was attempting to collect this debt from Plaintiff when they knew or should have known by information provided to them through various sources, including Plaintiff, they did not have express authorization to contact Plaintiff via his cellular telephone.

34.     Plaintiff is a "consumer" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(3).

35.     Defendant 21st Mortgage  is a "debt collector"  for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(6).

36.     Defendant 21st Mortgage  engaged in "communications" with Plaintiff for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(2).

37.     Defendant 21st Mortgage  engaged in communications with Plaintiff for the purpose of collecting a "debt" as defined in the FDCPA at 15 U.S.C. §1692a(5).

38.     Since the time Plaintiff became associated with Amelia Hunt, Defendant 21st Mortgage has constantly engaged in harassing, oppressive, and abusive conduct directed toward Plaintiff, his family, neighbors, and others.

39.     Defendant 21st Mortgage has continuously called Plaintiff, his family, neighbors, and others at all hours of the day and night and multiple times throughout the day in an attempt to harass, oppress, and abuse Plaintiff in to the point he would just pay them what they claim they are owed although Plaintiff and Defendant have no business relationship in violation of the FDCPA and/or TCPA..

40.     Defendant 21st Mortgage has called Plaintiff's cellular phone numerous times and

left voice mails on Plaintiff's telephone in which Defendant 21ˢᵗ Mortgage failed to identify itself it as a debt collector and/or failed to identify itself at all in violation of the FDCPA.

41.     Defendant 21ˢᵗ Mortgage has also called Plaintiff's wife's cellular phone numerous times a day on her cellular phone in an attempt to harass Plaintiff and his wife into paying an alleged debt in violation of both the FDCPA and Telephone Consumer Protection Act. These calls occurred even after Plaintiff informed Defendant it was not to call him and that he had er or her husband on their cell phones as doing so was using their minutes and costing them additional monies.

42.     Defendant 21ˢᵗ Mortgage also called Plaintiff's mother in Atlanta, Plaintiff's daughter in Atlanta, and Plaintiff's neighbor numerous times telling them to deliver messages to Plaintiff. Further, almost all of these calls were not to obtain information allowed under the FDCPA regarding Plaintiff, but in a conscious effort to harass, oppress, and abuse Plaintiff to the point he would be frustrated enough he would pay Defendant 21ˢᵗ Mortgage the amounts it claimed it was owed even though Plaintiff and Defendant had no business relationship.

43.     Some of these calls were made outside the times allowed by the FDCPA in violation of the FDCPA. These calls occurred even after Plaintiff told Defendant 21ˢᵗ Mortgage to cease and desist calling his cellular telephone as Plaintiff and Defendant had no business relationship.

44.     The numerous calls and the timing of the calls to Plaintiff's mother's house and daughter are violations of the Fair Debt Collection Practices Act.

45.     Plaintiff has repeatedly told Defendant 21ˢᵗ Mortgage he was not even on the mortgage account yet Defendant has continued to call him on his cell phone and work phone to harass Plaintiff into paying amounts he does not and cannot owe.

46.     The volume and type of calls are harassing as the intent and motive behind them is to

harass Plaintiff into paying Defendant although Plaintiff has no business or contractual relationship with Defendant.

47.     The above-detailed conduct by Defendant 21st Mortgage of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

48.     This series of abusive collection calls by Defendant and its agents caused Plaintiff stress and anguish as a result of these abusive calls.

49.     Defendant's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

50.     Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant 21st Mortgage  in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION
## ACT ("TCPA") 47 U.S.C. § 227, et seq.

51.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

52.     Defendant 21st Mortgage has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers and/or predictive dialers that have been unleashed against Plaintiff by Defendant, including but not limited to, the calls to Plaintiff at all hours of the day and night, including calls to Plaintiff's cellular telephone.

53.     Defendant 21st Mortgage has repeatedly violated the TCPA by the calls made to

Plaintiff, specifically the numerous calls by illegal pre-recorded messages that have been unleashed against Plaintiff by Defendant, including but not limited to, the calls to Plaintiff's cell phone for which 21st Mortgage had no authorization to call.

54.     There is no exception or justification for the numerous violations of the TCPA by Defendant 21st Mortgage.

55.     Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant 21st Mortgage in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call, in accordance with 47 U.S.C. § 227(b)(3).

56.     All actions taken by Defendant 21st Mortgage were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

57.     All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant 21st Mortgage for statutory, actual, compensatory, and/or punitive damages an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.  Further, Plaintiff prays for further and other just and equitable relief against Defendant 21st Mortgage.

**COUNT II**
**NEGLIGENT, RECKLESS, WANTON, MALICIOUS**
**AND/OR INTENTIONAL CONDUCT**

58. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

59. Defendant 21st Mortgage owed a duty to Plaintiff not to place telephone calls to Plaintiff's cellular telephone in violation of state and/or federal law, not to continually harass him with regard to this debt in violation of state and/or federal law, not to attempt to collect on an alleged debt in an illegal and unreasonable manner as stated throughout the allegations in this Complaint, and not to attempt to collect a debt from him that he did not owe Defendant.

60. Defendant had a duty under Alabama law to act reasonably under the circumstances.

61. Defendant 21st Mortgage violated this duty under Alabama law by failing to cease contacting Plaintiff on his cellular telephone in violation of state and/or federal law and/or by attempting to collect on an alleged debt in an illegal and unreasonable manner as stated throughout the allegations in this Complaint as well as attempting to collect a debt from Plaintiff he did not and could not owe.

62. Defendants 21st Mortgage violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as all Defendants refused to comply with all the duties that each Defendant had.

63. Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant 21st Mortgage for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.

Further, Plaintiff prays for further and other just and equitable relief against Defendant 21st Mortgage.

## COUNT III
## NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION OF EMPLOYEES AND/OR AGENTS

64.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

65.     Defendant 21st Mortgage negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent personnel, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.  The Defendants' employees, agents, and/or representatives committed the violations of state and/or federal law as set forth in this Complaint.

66.     Defendant 21st Mortgage was negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

67.     The employees and/or agents of Defendants 21st Mortgage while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

68.     The negligent or wanton conduct of those employees and/or agents of Defendants 21st Mortgage  while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to and/or proximately caused Plaintiff to suffer damages as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant 21st Mortgage for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant 21st Mortgage.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

69.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

70.     Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant 21st Mortgage violated Alabama state law as described in this Complaint, including, but not limited to, making numerous telephone calls to Plaintiff's cellular telephone without express permission, using automated and/or predictive dialers, and/or leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiff in violation of state and/or federal law.

71.     Defendant 21st Mortgage intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, including, but not limited to, making numerous of telephone calls to Plaintiff's cellular telephone using automated and/or predictive dialers leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiff in violation of state and/or federal law and by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

72.     Defendant 21st Mortgage intentionally, recklessly, and/or negligently caused

emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting upon an alleged debt and by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy thereby invading and intruding upon Plaintiff's right to privacy.

73.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

74.     The conduct of Defendant 21st Mortgage in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

75.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to compensatory and/or punitive damages from Defendant 21st Mortgage.

76.     All the above acts and omissions of Defendant 21st Mortgage by and through its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant 21st Mortgage for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant 21st Mortgage.

## COUNT V
## VIOLATIONS OF THE FAIR DEBT COLLECTION
## PRACTICES ACT 15 U.S.C. §1692 et seq.

77.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

78.     Defendant 21st Mortgage , by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency with Defendant, dialed Plaintiff's telephone number and left a message on his answering machine without making a meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6).

79.     Defendant 21st Mortgage , by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency with Defendants, dialed Plaintiff's telephone number and left a message on his voice mail without disclosing the communication was from a debt collector in violation of 15 U.S.C. §1692e(11).

80.     Debt collectors are prohibited by 15 U.S.C. §1692d(5) from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

81.     Defendant 21st Mortgage made numerous and repeated phone calls to Plaintiff's cell phone, Plaintiff's daughter in Atlanta, Plaintiff's mother in Atlanta, and Plaintiff's neighbor repeatedly and continuously with the intent to annoy, abuse, or harass Plaintiff in violation of 15 U.S.C. §1692d(5).

82.     Defendant 21st Mortgage repeatedly contacted third parties, without limitation, Plaintiff's daughter in Atlanta, Plaintiff's mother in Atlanta, and Plaintiff's neighbor and failed to identify themselves and/or failed to state they were collecting location information in violation of 15 U.S.C. §1692b(1).

83.     Defendant 21st Mortgage repeatedly contacted third parties, without limitation, Plaintiff's daughter in Atlanta, Plaintiff's mother in Atlanta, and Plaintiff's neighbor and stated and/or otherwise informed and/or made known to third parties that Plaintiff allegedly owed a debt to it in violation of 15 U.S.C. §1692b(2).

84.     Defendant 21ˢᵗ Mortgage  repeatedly contacted third parties, without limitation, Plaintiff's daughter in Atlanta, Plaintiff's mother in Atlanta, and Plaintiff's neighbor more than once in violation of 15 U.S.C. §1692b(3).

85.      Defendant 21ˢᵗ Mortgage  repeatedly contacted third parties, without limitation, Plaintiff's  daughter in Atlanta, Plaintiff's mother in Atlanta, and Plaintiff's neighbor and communicated with any and all of them concerning an alleged debt of Plaintiff  in violation of 15 U.S.C. §1692c(b).

86.     Defendant 21ˢᵗ Mortgage has called Plaintiff's cell phone numerous times a day in an attempt to harass Plaintiff into paying an alleged debt he did not owe as Plaintiff and Defendant have no business and/or contractual relationship in violation of 15 U.S.C. §§1692f(1), e(2) and/or e(5).

87.     Defendant 21ˢᵗ Mortgage's actions in this matter as detailed throughout this Complaint constitute unfair collection practices with regard to an alleged debt of Plaintiff in violation of 15 U.S.C. §1692f.

88.     Further, the natural consequence of the conduct of Defendant 21ˢᵗ Mortgage's in this matter as detailed throughout this Complaint is to harass, oppress, and abuse Plaintiff in violation of 15 U.S.C. §1692d.

89.     All actions taken by Defendant 21ˢᵗ Mortgage  were done willfully, with malice, and were done with either the desire to abuse, annoy, harass, and oppress Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FDCPA and/or that they knew or should have known that their actions were in reckless disregard of the FDCPA.

90.     Defendant 21ˢᵗ Mortgage 's violations of the FDCPA proximately caused the injuries

and damages to Plaintiff as set forth in this Complaint, including actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

WHEREFORE, Plaintiff demands judgment against Defendant 21st Mortgage for statutory, actual, compensatory and/or punitive damages in an amount to be determined by the trier of fact, plus attorney's fees, interest from the date of injury, and the costs and expenses of this proceeding.


          _s/Wesley L. Phillips_____
          Wesley L. Phillips (PHI053)
          Attorney for Plaintiff


OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile: (800) 536-0385


Plaintiff's Address:
170 Conquest Road
Warrior, Alabama 35180


### JURY DEMAND

Plaintiff demands a trial by struck jury.


          _s/Wesley L. Phillips_____
          OF COUNSEL


### PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:

21st Mortgage Corporation
c/o Jerry C. Oldshue, Jr.
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, Alabama 35403