FILED
2013 Jun-26  PM 05:34
U.S. DISTRICT COURT
N.D. OF ALABAMA


IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLES HUNT,                    )
                                 )
                                 )
        Plaintiff,               )
                                 )
v.                               )    Civil Action No.: 12-CV-2697-WMA
                                 )
21st MORTGAGE CORPORATION,  )
a Corporation,                   )
                                 )
        Defendant.               )

<u>PLAINTIFF'S MOTION TO COMPEL COMPLETE AND NON-EVASIVE
DISCOVERY RESPONSES FROM DEFENDANT</u>

COMES NOW Plaintiff Charles Hunt and hereby moves this Honorable Court

to compel Defendant 21st Mortgage Corporation ("21st Mortgage")to properly and

completely respond to Plaintiff's discovery requests listed herein in a complete and

non-evasive manner, and as grounds therefore, states and shows the Court the

following:

1.      Defendant 21st Mortgage was properly served with Plaintiff's discovery

requests on or about December 17, 2012[1].

2.      On January 25, 2013, Plaintiff sent Defendant correspondence to

_____

[1]*See* Exhibit A, Plaintiff's First Discovery Requests to Defendant 21st Mortgage

Defendant requesting its responses to Plaintiff's discovery requests[2].

3.     On February 4, 2013, Defendant 21st Mortgage sent responses to Plaintiff's discovery requests, however, Defendant's response were deficient in several respects[3].

4.     Thereafter, Plaintiff sent Defendant correspondence stating its responses to certain discovery requests, however, Defendant failed and refused to properly and completely respond in a non-evasive manner to Plaintiff's discovery requests and Plaintiff has substantial need for Defendant's complete, non-evasive responses to his discovery requests[4].

5.     Defendant 21st Mortgage has completely failed and refused to respond to Plaintiff's interrogatories numbered seven (7) and eight (8)[5], which are as follows:

> 7.     State whether, in the past ten (10) years, this Defendant has been named a party   defendant in any other lawsuit involving claims or allegations this Defendant violated the Telephone Consumer Protection Act ("TCPA"). If so, state the name of the lawsuit, the civil action number and the court where the action was filed.
> RESPONSE:
> 8.     State whether, in the past ten (10) years, this Defendant has been named a party defendant in any other lawsuit involving claims or allegations this

---

[2]*See* Exhibit B, Correspondence of January 25, 2013 to Defendant 21st Mortgage

[3]*See generally* Exhibit C, Defendant 21st Mortgage's Responses to Plaintiff's First Interrogatories

[4]*See* Exhibit D, Correspondence of May 23, 2013 to Defendant 21st Mortgage; *See also* Exhibit E, Defendant 21st Mortgage's Correspondence to Plaintiff, June 20, 2013

[5]*See* Exhibit C, Defendant 21st Mortgage's Responses to Plaintiff's Interrogatories Nos. 7 and 8

Defendant violated the Fair Debt Collection Practices Act ("FDCPA").  If so, state the name of the lawsuit, the civil action number and the court where the action was filed.
RESPONSE:

6.      Each time Plaintiff has requested complete and non-evasive responses to Interrogatories Nos. 7 and 8, Defendant 21st Mortgage has failed to provide any meaningful response and has only given objections to the Requests[6].

7.      Civil liability under The Fair Debt Collection Practices Act, 15 U.S.C. §1601, et seq. ("FDCPA") takes into account "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *See* 15 U.S.C. 1692k(b)(1)

8.      Plaintiff in this matter has alleged Defendant 21st Mortgage acted in disregard of the FDCPA with regard to Plaintiff in the case at bar[7].

9.      Therefore, Plaintiff has a substantial need for the information requested in Interrogatories Nos. 7 & 8 propounded to Defendant 21st Mortgage and Defendant 21st Mortgage is due to be compelled to respond to these requests.

---

[6]*See* Exhibit B; Exhibit C; Exhibit D; Exhibit E

[7]*See* Doc 1, Complaint, ¶¶ 78-89

10.     In addition, Plaintiff requested a privilege log in Interrogatory number ten (10) to Defendant[8], yet, to date, Defendant 21st Mortgage has failed and refused to produce a privilege log as it stated it would do in response to this Interrogatory[9].

11.     In Interrogatory number sixteen (16), Plaintiff requested the name, position of employment, address and telephone number of all persons who have had any responsibility for or who have taken any action with regard to the collection of the account which is the subject matter of this cause[10], yet Defendant 21st Mortgage has only objected failing and refusing to respond to this Interrogatory[11].

12.     In Interrogatory number seventeen (17), Plaintiff requested information about the custodian of records for Defendant 21st Mortgage as follows:

> 17.     Identify the custodian of the records, including name, address and phone number that would show all entries regarding the flow of funds regarding the subject account. If this person does not have personal knowledge of the transaction, then please identify in like fashion the person who worked for your company and had custody of the accounting or bookkeeping registers or records identifying said flow of funds. Flow of funds, means (a) any record of money received, (b) any record of money paid out and (c) any bookkeeping or accounting entry, general ledger and accounting treatment of the subject loan transaction at your company including but not limited to whether the subject account transaction was ever entered into any category on the balance sheet at any time or times.
> RESPONSE:

---

[8]*See* Exhibit A, Interrogatory No. 10

[9]*See* Exhibit C, Response No. 10; *See also* Exhibit E, Defendant 21st Mortgage's Correspondence to Plaintiff, June 20, 2013

[10]*See* Exhibit A, Interrogatory No. 16

[11]*See* Exhibit C, Response No. 16; *See also* Exhibit E, Defendant 21st Mortgage's Correspondence to Plaintiff, June 20, 2013

13.     However, Defendant has objected to Interrogatory number seventeen (17) failing and refusing to properly respond to the question in a non-evasive manner[12].

14.     In Interrogatory number twenty-five (25), Plaintiff requested information regarding Defendant's contacting of Plaintiff's neighbors and relatives as follows:

> 25.     If you contend that Plaintiff, Plaintiff's relatives, and any or all friends and/or neighbors of Plaintiff, consented to be called on their cellular telephone, either through use of an automatic dialing system or otherwise, by you, identify the basis for such contention specifically for each person, including specific identification of all documents or things that support this contention. RESPONSE:

15.     Defendant only objected to Interrogatory No. 25 and has refused to provide a response and Plaintiff has a right to know whether Plaintiff's neighbors and relatives consented to being contacted and called on their cellular telephones[13]. Defendant 21st Mortgage has harassed Plaintiff, Plaintiff's neighbors, and Plaintiff's relatives in an attempt to extort money from Plaintiff, who has <u>never</u> been in a contractual relationship with Defendant.

16.     In Interrogatory Number twenty-six (26), Plaintiff asked Defendant

---

[12]*See* Exhibit C, Response No. 17; *See also* Exhibit E, Defendant 21st Mortgage's Correspondence to Plaintiff, June 20, 2013.

[13]*See* Exhibit C, Response No. 25; *See also* Exhibit E, Defendant 21st Mortgage's Correspondence to Plaintiff, June 20, 2013.

about its document retention policies[14], but Defendant has only objected to this Interrogatory and refuses to respond[15].

17.     Plaintiff has a right to know whether there are documents that existed which were relevant to his case, but have been destroyed.  If so, Plaintiff has a right to claim spoliation of evidence, especially if Defendant has not properly followed its own policies relation to document retention.

18.     Therefore, Plaintiff has a substantial need for the information requested in the Interrogatories outlined above propounded to Defendant 21st Mortgage and Defendant 21st Mortgage is due to be compelled to respond to Plaintiff's requests.

19.     Moreover, Plaintiff has an immediate need for this information as he is working with Defendant 21st Mortgage to find mutually agreeable dates before the discovery cut off date of July 19, 2013 for the 30(b)(6) depositions of 21st Mortgage and he has substantial need of this information prior to the depositions.

WHEREFORE, PREMISES CONSIDERED, Plaintiff moves this Honorable Court to enter an Order directing Defendant 21st Mortgage to provide complete and non-evasive responses to Plaintiff's Interrogatories Numbered 7, 8, 10, 16, 17, 25, and 26 within the next seven (7) days.

---

[14]*See* Exhibit A, Interrogatory No. 26.

[15]*See* Exhibit C, Response No. 26; *See also* Exhibit E, Defendant 21st Mortgage's Correspondence to Plaintiff, June 20, 2013.

Respectfully submitted this  26th  day  June  , 2013.


                                              s/Wesley L. Phillips
                                             Attorney for Plaintiff
                                             Wesley L. Phillips

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
Email: wlp@phillipslaw.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served on all parties/attorney(s) of record via either U.S. Mail, postage prepaid, electronic mail, facsimile, and/or electronic mail through the ECM/CF system this  26th  day of  June , 2013.

David M. Wilson
James E. Mitchell, Jr.
WILSON & BERRYHILL
One Metroplex Drive, Suite 250
Montgomery, Alabama 35209

                                              s/Wesley L. Phillips
                                             OF COUNSEL