FILED
2013 Jun-26 PM 05:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES HUNT,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:12-CV-2697-WMA |
| | ) | |
| **21st MORTGAGE CORPORATION,** | ) | |
| a Corporation, | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS TO DEFENDANT 21st MORTGAGE CORPORATION

COMES NOW Plaintiff in the above styled cause and requests that Defendant 21st Mortgage Corporation (hereinafter "this Defendant", "you", "your") answer the following interrogatories, request for production of documents, and request for admissions within the time required by the Alabama Rules of Civil Procedure.  In addition, Plaintiff requests this Defendant to attach a copy of each and every document referred to in any of the interrogatories or in this Defendant's response thereto or that Defendant state the date and time the said documents will be produced for inspection and copying at the offices of the Plaintiffs' attorney.

**NOTE:**   These interrogatories and production requests shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

I. <u>INTERROGATORIES</u>

      1.        State whether this Defendant's name correctly is stated in the complaint filed in this

case. If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

RESPONSE:

2. State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

    a. State the address of all business locations of this Defendant;

    b. Describe the nature of this Defendant's business.

RESPONSE:

3. State the name, address and phone number of all persons having knowledge of facts relevant to the occurrence made the basis of this suit, and with respect to each such person identified, describe the facts you believe are known by that person and any potential liability or claims against those who are potential parties. (A person has relevant facts when he or she has or may have knowledge of any discoverable matter; personal knowledge is not required.)

RESPONSE:

4. State the name and address of each and every witness expected to be called at the trial of this action.

RESPONSE:

5. State the name and address of each and every expert witness expected to be called at the trial of this action. Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

RESPONSE:

6. State the name, address, phone number, and employer of each and every person known by this Defendant to have any knowledge whatsoever of matters related, referencing, or pertaining to the events made the basis of this lawsuit.

RESPONSE:

7. State whether, in the past ten (10) years, this Defendant has been named a party defendant in any other lawsuit involving claims or allegations this Defendant violated the Telephone Consumer Protection Act ("TCPA"). If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

RESPONSE:

8. State whether, in the past ten (10) years, this Defendant has been named a party defendant in any other lawsuit involving claims or allegations this Defendant violated the Fair Debt

Collection Practices Act ("FDCPA"). If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

RESPONSE:

9. Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that you use, maintain, or operate to record any and all telephone communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and your policies and procedures for operating such a system of records for the previous three years and up through the present.

RESPONSE:

10. Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

RESPONSE:

11. State whether you electronically record telephone calls by any means with any persons and describe in detail what steps are taken to preserve these recordings.

RESPONSE:

12. State whether you recorded any telephone call with the Plaintiff and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

RESPONSE:

13. State whether this Defendant or anyone to this Defendant's knowledge has secured, obtained, or has knowledge of any statement or account made by any person, including parties, whether written, recorded, or oral, which pertain in any way to the events made the basis of this lawsuit.  If so, state separately and severally the name and address of each person from whom a statement was obtained, the date the statement was obtained, and the person or entity who has custody of said statement.  Produce copies of any and all recordings, transcripts or statements which pertain in any way to the events made the basis of this lawsuit, including any recordings, statements or transcripts of any statements by Plaintiff.

RESPONSE:

14. Identify and describe each communication, or attempted communication, between you with Plaintiffs, or any other person, which is in any way related to Plaintiffs' foreclosure, by stating the following:

    a. The name of the individual initiating communication;

    b. The name of the person and/or description of the person to whom the communication was directed;

    c. The date and time of the communication;

  d.  The method of the communication (e.g. letter, phone call, in-person);

  e.  A detailed description of the substance of the communication, (do not simply refer to notes);

  f.  Identification of all witnesses to or participants in the communication; and,

  g.  Any actions taken by you as a result of the communication.

RESPONSE:




15. State and fully describe any and all training provided to those persons involved in the collection of your accounts, including, but not limited to, the content, timing, duration, materials used in any training, and persons involved in providing such training.

RESPONSE:




16. State the name, position of employment, address and telephone number all persons who have had any responsibility for or who have taken any action with regard to the collection of the account which is the subject matter of this cause.

RESPONSE:




17. Identify the custodian of the records, including name, address and phone number that would show all entries regarding the flow of funds regarding the subject account. If this person does not have personal knowledge of the transaction, then please identify in like fashion the person who

worked for your company and had custody of the accounting or bookkeeping registers or records identifying said flow of funds. Flow of funds, means (a) any record of money received, (b) any record of money paid out and (c) any bookkeeping or accounting entry, general ledger and accounting treatment of the subject loan transaction at your company including but not limited to whether the subject account transaction was ever entered into any category on the balance sheet at any time or times.

RESPONSE:

18.     For each request for admission you denied or to which you did not give an unqualified "Admitted," please state in detail the basis for each such refusal to admit and identify all documents which relate to your refusal to admit.

RESPONSE:

19.     Identify all machines by model, supporting system and dates/time used that were used to make any telephone call in connection with plaintiff, including calls to Plaintiff's husband, friends, and relatives.

RESPONSE:

20.     State the name, employer, most current home address, title and job description of *each* person (including present or former third parties, officers and/or employees) who is responsible for your telephony systems and operations, and state specifically what that person's duties with

respect to telephony are.

RESPONSE:

21. Explain how you obtained Plaintiff's cellular telephone numbers.

RESPONSE:

22. Explain how you obtained Plaintiff's mother's and daughter's cellular telephone numbers.

RESPONSE:

23. Identify and explain all policies, practices and procedures regarding use of automatic dialing systems and the complete history of each. Please include a detailed description of policy, practices or procedure the date it was first considered, the date it was implemented, all persons involved in its consideration, implementation and, if applicable, termination. Please respond to this interrogatory without regard to time; in other words, disregard the time frame set forth in the instructions for these requests.

RESPONSE:

24. Identify and explain all policies, practices and procedures regarding calls made by you to cellular telephones and the complete history of each. Please include a detailed description

of policy, practices or procedure, the date it was first considered, the date it was implemented, all persons involved in its consideration, implementation and, if applicable, termination.

RESPONSE:

25.	If you contend that Plaintiff, Plaintiff's relatives, and any or all friends and/or neighbors of Plaintiff, consented to be called on their cellular telephone, either through use of an automatic dialing system or otherwise, by you, identify the basis for such contention specifically for each person, including specific identification of all documents or things that support this contention.

RESPONSE:

26.	Describe all your document destruction and retention policies.

RESPONSE:

27.	State whether you have ever taken any measures or action to attempt to identify whether any telephone number you called was a cellular telephone number.  If so, please identify with specificity what measure(s) or actions you took, who took the measure(s) or actions, any third party involved, why the measure or action was taken and what resulted from the measures or actions. If not, please explain why not.

RESPONSE:

II. REQUEST FOR ADMISSIONS

  1.  Admit or deny you made phone calls to Plaintiff's cellular telephone.

RESPONSE:

  2.  Admit or deny you called telephone number CONFIDENTIAL

RESPONSE:

  3.  Admit or deny you called telephone number, CONFIDENTIAL ugust 12, 2011.

RESPONSE:

  4.  Admit or deny you called telephone number, CONFIDENTIAL

RESPONSE:

  5.  Admit or deny you called telephone number, CONFIDENTIAL

RESPONSE:

  6.  Admit or deny you called telephone number, CONFIENTIAL

RESPONSE:

  7.  Admit or deny you called telephone number, CONFIDENTIAL

RESPONSE:

  8.  Admit or deny the telephone system used by you at all relevant times in this matter is capable of automatically dialing telephone numbers.

RESPONSE:

  9.  Admit or deny the telephone system used by you at all relevant times in this matter is capable of the automatic dialing of telephone numbers as defined by the Telephone Consumer Protection Act.

RESPONSE:

  10.  Admit or deny the telephone system software used by you at all relevant times in this

matter is capable of automatically dialing telephone numbers.

RESPONSE:

   11. Admit or deny the telephone system software used by you at all relevant times in this matter is capable of the automatic dialing of telephone numbers as defined by the Telephone Consumer Protection Act.

RESPONSE:

   12. Admit or deny the telephone system software used by you at all relevant times in this matter is capable of predictive dialing telephone numbers.

RESPONSE:

   13. Admit or deny the telephone system software used by you at all relevant times in this matter is capable of predictive dialing telephone numbers as contemplated by the Telephone Consumer Protection Act and the FCC Regulations implementing the TCPA.

RESPONSE:

III. <u>REQUEST FOR PRODUCTION</u>

   1. Produce copies of all insurance agreements, including the declarations page, through which this Defendant is insured, including excess or umbrella insurers, which insures/insured this Defendant against risks or losses during the time of the occurrences made the basis of this lawsuit and at the time this complaint was served.

   2. Produce all documents that record, reflect, or evidence oral or written communications between you and Plaintiff.

   3. Produce any and all agreements, contracts, documents, exhibits, recordings, transcriptions, statements, notes, memoranda, payment logs, and/or internal correspondence of this

Defendant or between this Defendant and any of its subsidiaries, sister companies, and/or parent corporations which relate, reference and/or pertain in any way to the matter made the basis of this suit.

4. Produce all documents evidencing or relating to internal documents, notes, memoranda, statements of this Defendant regarding the its debt collection activities with regard to an alleged account of Amelia Hunt and Bradley Faile with this Defendant about which Defendant contacted Plaintiff.

5. Produce all documents evidencing or relating to any operations manuals, procedures manuals, and/or similar documents utilized by this Defendant which contain provisions concerning debt collections practices, including, but limited to, compliance with the FDCPA.

6. Produce all documents evidencing or relating to any operations manuals, procedures manuals, and/or similar documents utilized by this Defendant with regard to its compliance with the TCPA.

7. Produce any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by you to collect debts, which include Plaintiff's name, address, telephone number(s), or any other information which is personally identifiable to Plaintiff.

8. Produce all telephone log sheets, internal memoranda, notes, or other documents prepared or reflecting all collection activity from Plaintiff.

9. Produce a plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

10. Produce all documents between you and any other person or entity related to Plaintiff.

11. Produce all documents contained in any file in your possession with regard to Plaintiff.

12. Produce copies of front/back of all descriptions and legends of all Codes used in your software and/or collections system so the examiners and auditors and experts retained to audit and review this account may properly conduct their work.

13. Produce all documents evidencing or relating to any operations manuals, procedures manuals, and/or similar documents utilized by this Defendant with regard to its compliance with the Fair Debt Collection Practices Act.

14. Produce any and all users manuals and technical manuals for the phone systems, both hardware and software, utilized by Defendant to make the telephone calls at issue in this matter.

15. Produce any and all documents which evidence, relate, or in any way pertain to your procedures for skip-tracing to find names, addresses, telephone numbers, and/or other information about debtors, co-debtors, and/or friends and/or relatives of debtors and/or co-debtors.

      s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
wlp@wphillipslaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was served using first class mail and/or electronically filed on this ___th day of ___December___, 2012, with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following:

David M. Wilson
James E. Mitchell, Jr.
WILSON & BERRYHILL
One Metroplex Drive, Suite 250
Montgomery, Alabama 35209

                                                  _s/Wesley L. Phillips_____
                                                  OF COUNSEL