Case 2:12-cv-02697-LSC Document 12-3 Filed 06/26/13 Page 1 of 17

Exhibit C

FILED
2013 Jun-26 PM 05:34
U.S. DISTRICT COURT
N.D. OF ALABAMA



# WILSON & BERRYHILL, P.C.
## ATTORNEYS AT LAW

ONE METROPLEX DRIVE
SUITE 250
BIRMINGHAM, ALABAMA 35209
www.wilsonberryhill.com

DAVID M. WILSON*
JONATHAN L. BERRYHILL
JUD C. STANFORD
JAMES E. MITCHELL, JR.
ROBERT A. "DREW" FEELEY
P. TED COLQUETT, OF COUNSEL

*BOARD CERTIFIED CIVIL TRIAL
SPECIALIST BY THE NATIONAL
BOARD OF TRIAL ADVOCACY

TELEPHONE (205) 252-4441
FAX (205) 252-0320

Writer's e-mail address:
jimmy@wilsonberryhill.com

February 4, 2013

Wesley L. Phillips
PHILLIPS LAW GROUP, LLC
P.O. Box 130488
Birmingham, Alabama 35213-0488

Re: **Charles Hunt v. 21st Mortgage Corporation**
**Wilson & Berryhill, P.C. File Number: 1027-53385**

Dear Wesley:

Please find enclosed Defendant's Response to Plaintiff's Interrogatories and Request for Production of Documents along with a CD containing documents responsive to the Request for Production in pdf and format.

Should you have any questions or concerns, please do not hesitate to contact me.

With best wishes, I remain

Sincerely yours,

JAMES E. MITHCELL, JR.

JEM/llh
Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:12-cv-2697-WMA |
| | ) |
| 21ST MORTGAGE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO DEFENDANT 21ST MORTGAGE CORPORATION**

COMES NOW the Defendant, 21st Mortgage Corporation, and in response to the Plaintiff's First Set of Interrogatories, sets down and assigns as follows:

1. State whether this Defendant's name is correctly stated in the complaint filed in this case. If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

    **RESPONSE:** Yes.

2. State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

    a. State the address of all business locations of this Defendant;

    b. Describe the nature of this Defendant's business.

    **RESPONSE:** Defendant is a Delaware Corporation, incorporated on August 15, 1995. Defendant is qualified to do business in the State of Alabama and has been qualified since April 10, 1997. Its principal place of business is located at 620 Market Street, Knoxville,

Tennessee 37902. Defendant's parent corporation is Clayton Homes, Inc. Defendant is a full service wholesale lender specializing exclusively in manufactured home loans. Defendant underwrites, originates, and services its loans. Defendant offers a variety of loan types to manufactured housing retailers, mortgage brokers and directly to consumers nationwide.

3. State the name, address and phone number of all persons having knowledge of facts relevant to the occurrence made the basis of this suit, and with respect to each such person identified, describe the facts you believe are known by that person and any potential liability or claims against those who are potential parties. (A person has relevant facts when he or she has or may have knowledge of any discoverable matter; personal knowledge is not required.)

    **RESPONSE:** Defendant objects to providing any personal residential addresses on privacy grounds. Defendant states that the following individuals may have discoverable information:

    (1) Plaintiff, Charles Hunt is likely to have discoverable information concerning his claims and alleged damages;

    (2) Amanda Wolfe, 21st Mortgage Corporation, 620 Market Street, Knoxville, Tennessee 37902; (800) 955-0021. Mrs. Wolfe is likely to have discoverable information regarding Defendant's policies, practices, procedures, telephone system, accounts and/or business records.

    (3) Walden Buttram, 21st Mortgage Corporation, 620 Market Street, Knoxville, Tennessee 37902; (800) 955-0021. Mr. Buttram is likely to have discoverable information regarding Defendant's practices, policies, procedures, and/or business records.

    (4) Jim Collins, network administrator for Defendant 620 Market Street, Knoxville, Tennessee 37902; (800) 955-0021. Mr. Buttram is likely to have discoverable information regarding Defendant's telephone system and the AS400 system.

4. State the name and address of each and every witness expected to be called at the trial of this action.

    **RESPONSE:** Defendant objects to this request as it is an invasion of attorney work product and trial-preparation. However, without waiving any objection contained herein, Defendant will disclose the

name and addresses of witnesses which it may call at the trial of this matter in accordance with the Scheduling Order entered by the Court.

5. State the name and address of each and every expert witness expected to be called at the trial of this action. Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

   **RESPONSE:** **At the present time, no decision has been made as to whether any expert witness may be retained for the purpose of providing testimony at the trial of this case. At such time an expert who is expected to testify at the trial of this matter is retained, and/or in accordance with the Scheduling Order entered by the Court in this matter, the Defendant will supplement this response with the requested information.**

6. State the name, address, phone number, and employer of each and every person known by this Defendant to have any knowledge whatsoever of matters related, referencing, or pertaining to the events made the basis of this lawsuit.

   **RESPONSE:** **Please refer to Defendant's response to interrogatory number 3.**

7. State whether, in the past ten (10) years, this Defendant has been names a party defendant in any other lawsuit involving claims or allegations this Defendant violated the Telephone Consumer Protection Act ("TCPA"). If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

   **RESPONSE:** **Defendant objects to this interrogatory as it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.**

8. State whether, in the past ten (10) years, this Defendant has been named a party defendant in any other lawsuit involving claims or allegations this Defendant violated the Fair Debt Collections Practices Act ("FDCPA"). If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

   **RESPONSE:** **Defendant objects to this interrogatory as it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.**

9. Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that you use, maintain, or operate to record any and all telephone communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and your policies and procedures for operating such a system of records for the previous three years and up through the present.

**RESPONSE:** Defendant objects to this interrogatory as it is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. However, without waiving any objection herein, Defendant does not record telephone calls nor does it have the capacity to do so. Defendant's employees can manually enter notes concerning communications into the AS400 system which generates the Financial Counselor Notes produced in response to Plaintiff's Request for Production (stamped C. HUNT 35 through 99).

10. Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

    **RESPONSE:** Defendant objects to this interrogatory as it is beyond the scope of allowable discovery permitted by FED. R. CIV. P. 26 and 33. However, without waiving any objection contained herein, Defendant will comply with the requirements of FED. R. CIV. P. 26(b)(5)(A).

11. State whether you electronically record telephone calls by any means with any persons and describe in detail what steps are taken to preserve these recordings.

    **RESPONSE:** Defendant does not electronically record telephone calls.

12. State whether you recorded any telephone call with the Plaintiff and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

    **RESPONSE:** Defendant did not record any telephone calls with the Plaintiff.

13. State whether this Defendant or anyone to this Defendant's knowledge has secured, obtained, or had knowledge of any statement or account made by any person, including parties, whether written, recorded, or oral, which pertain in any way to the events made the basis of this lawsuit. If so, state separately and severally the name and address of each person from whom a statement was obtained, the date the statement was obtained, and the person or entity who has custody of said statement. Produce copies of any and all recordings, transcripts or statements which pertain in any way to the events made the basis of this lawsuit, including any recordings, statements or transcripts of any statements by Plaintiff.

    **RESPONSE:** Defendant objects to this interrogatory to the extent that the information it seeks is protected from disclosure by the attorney/client privilege, by the work product doctrine and/or is

material prepared in anticipation of litigation. Further, Defendant objects to this interrogatory as it vague, ambiguous, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. However, without waiving any objection contained herein, see the Financial Counselor Notes produced in response to Plaintiff's Request for Production (stamped C. HUNT 35 through 99).

14. Identify and describe each communication, or attempted communication, between you with Plaintiffs [sic], or any other person, which is in any way related to Plaintiffs' [sic] foreclosure, by stating the following:

   a. The name of the individual initiating communication;

   b. The name of the person and/or description of the person to whom the communication was directed;

   c. The date and time of the communication;

   d. The method of the communication (e.g. letter, phone call, in-person);

   e. A detailed description of the substance of the communication, (do not simply refer to notes);

   f. Identification of all witnesses to or participants in the communication; and,

   g. Any actions taken by you as a result of the communication.

   **RESPONSE:** Defendant objects to this interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects as this interrogatory requesting information concerning "Plaintiffs' foreclosure" is irrelevant and immaterial to the underlying suit against Defendant for violation of the TCPA and FDCPA. Defendant is not aware of anything "which is in any way related to Plaintiffs' foreclosure."

15. State and fully describe any and all training provided to those persons involved in the collection of your accounts, including, but not limited to, the content, timing, duration, materials used in any training, and persons involved in providing such training.

   **RESPONSE:** Defendant's employees undergo a month-long training program that includes review of a training booklet/manual, attendance at classes, shadowing with other employees, collections that are monitored by other employees, questions and answer sessions with other employees, as well as periodic legal and bankruptcy training, regular access to company policy and

procedures, and periodic continuing education including FDCPA training twice a year.

16. State the name, position of employment, address and telephone number of all persons who have had any responsibility for or who have taken any action with regard to the collection of the account which is the subject matter of this cause.

    **RESPONSE:** **Defendant objects to this interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant states that there is no "account which is the subject matter of this cause."**

17. Identify the custodians of the records, including name, address and phone number that would show all entries regarding the flow of funds regarding the subject account. If this person does not have personal knowledge of the transaction, then please identify in like fashion the person who worked for your company and had custody of the accounting or bookkeeping registers or records identifying said flow of funds. Flow of funds, means (a) any record of money received, (b) any record of money paid out and (c) any bookkeeping or accounting entry, general ledger and accounting treatment of the subject loan transaction at your company including but not limited to whether the subject account transaction was ever entered into any category on the balance sheet at any time or times.

    **RESPONSE: Defendant objects to this interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant states that there is no "subject account."**

18. For each request for admission you denied or to which you did not give an unqualified "admitted," please state in detail the basis for each such refusal to admit and identify all documents which relate to your refusal to admit.

    **RESPONSE:** **Defendant's responses to Plaintiff's Request for Admissions are self explanatory.**

19. Identify all machines by model, supporting system and dates/time used that were used to make any telephone call in connection with plaintiff, including calls to Plaintiff's husband, friends, and relatives.

    **RESPONSE:** **Defendant objects to this interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant does not know the identity of Plaintiff's husband, friends or relatives (with the exception of his wife, Amelia Hunt) and therefore cannot appropriately respond to this interrogatory. However, without waiving any objection contained herein, at all relevant times, Defendant utilized the Nortel Meridian Modular Telephone system. Please refer to the Nortel Meridian Modular**

**Telephone user manual, a copy of which was attached to Defendant's initial disclosures and stamped C. HUNT 1 through 26.**

20. State the name, employer, most current home address, title and job description of each person (including present or former third parties, officers and/or employees) who is responsible for your telephony systems and operations, and state specifically what that person's duties with respect to telephony are.

    **RESPONSE:    Jim Collins, network administrator whose duties are network administration. Defendant objects to providing Mr. Collins most current home address on privacy grounds.**

21. Explain how you obtained Plaintiff's cellular telephone numbers.

    **RESPONSE:    Defendant does not distinguish between cellular telephone numbers and any other type of telephone number and therefore does not know whether it obtained Plaintiff's cellular telephone numbers.**

22. Explain how you obtained Plaintiff's mother's and daughter's cellular telephone numbers.

    **RESPONSE: Defendant does not know the identity of Plaintiff's mother or daughter. Further, Defendant does not distinguish between cellular telephone numbers and any other type of telephone number. Therefore Defendant does not know whether it ever obtained Plaintiff's mother's and daughter's cellular telephone numbers.**

23. Identify and explain all policies, practices and procedures regarding use of automatic dialing systems and the complete history of each. Please include a detailed description of policy, practices or procedure the date it was first considered, the date it was implemented, all persons involved in its consideration, implementation and, if applicable, termination. Please respond to this interrogatory without regard to time; in other words, disregard the time frame set forth in the instruction for these requests.

    **RESPONSE:    Defendant does not have an automatic dialing system.**

24. Identify and explain all policies, practices and procedures regarding calls made by you to cellular telephones and the complete history of each. Please include a detailed description of policy, practices or procedure, the date it was first considered, the date it was implemented, all persons involved in its consideration, implementation and, if applicable, termination.

    **RESPONSE:    Defendant objects to this interrogatory as it is overly broad, unduly burdensome and not reasonably calculated to lead to**

       the discovery of admissible evidence. Further, Defendant does not distinguish between cellular telephone numbers and any other type of telephone number and therefore could not provide a "complete history" of calls made by Defendant to cellular telephones.

25. If you contend that Plaintiff, Plaintiff's relatives, and any or all friends and/or neighbors of Plaintiff, consented to be called on their cellular telephone, either through use of an automatic dialing system or otherwise, by you, identify the basis for such contention specifically for each person, including specific identification of all documents or things that support this contention.

    **RESPONSE:**   **Defendant objects to this interrogatory as it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.**

26. Describe all your document destruction and retention policies.

    **RESPONSE:**   **Defendant objects to this interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence.**

27. State whether you have ever taken any measures or action to attempt to identify whether any telephone number you called was a cellular telephone number. If so, please identify with specificity what measure(s) or actions you took, who took the measure(s) or actions, any third party involved, why the measure or action was taken and what resulted from the measures or actions. If not, please explain why not.

    **RESPONSE:**   **No.**

21ST MORTGAGE CORPORATION

By: Amanda Wolfe

Its: Litigation Coordinator

Subscribed and sworn to before me this the __1__ Day of __February__, 2013.



Linda C. McPheron
Notary Public

My Commission Expires: 11/2/16

DAVID M. WILSON (ASB-1797-N71D)
JAMES E. MITCHELL, JR. (ASB-9127-E62M)
Attorneys for the Defendant
21st Mortgage Corporation

**OF COUNSEL:**

WILSON & BERRYHILL P.C.
One Metroplex Drive
Suite 250
Birmingham, Alabama 35209
Telephone (205) 252-4441
Facsimile (205) 252-0320
david@wilsonberryhill.com
jimmy@wilsonberryhill.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all Counsel of Record in this cause by e-mail and by placing a copy of same, properly addressed and postage paid, in the U. S. Mail on this the 4th day of January, 2013.

Wesley Phillips, Esquire
Phillips Law Group, LLC
P.O. Box 130488
Birmingham, Alabama  35213

_____
Of Counsel:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:12-cv-2697-WMA |
| | ) |
| 21ST MORTGAGE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PROCUCTION TO DEFENDANT 21ST MORTGAGE CORPORATION**

COMES NOW the Defendant, 21st Mortgage Corporation, and in response to the Plaintiff's Request for Production, sets down and assigns as follows:

1. Produce copies of all insurance agreements, including the declarations page, through which this Defendant is insured, including excess or umbrella insurers, which insures/insured this Defendant against risks or losses during the time of the occurrences made the basis of this lawsuit and at the time this complaint was served.

    **RESPONSE:** None.

2. Produce all documents that record, reflect, or evidence oral or written communications between you and Plaintiff.

    **RESPONSE:** See the Financial Counselor Notes (stamped C. HUNT 35 through 99) attached as well as the October 31, 2010, November 30, 2010, January 5, 2011, February 4, 2011, February 17, 2011, May 23, 2011 and July 18, 2011 letters to Charles Hunt from 21st Mortgage Corporation (stamped C. HUNT 27 through 34) which were previously produced along with Defendant's Initial Disclosures.

3. Produce any and all agreements, contracts, documents, exhibits, transcriptions, statements, notes, memoranda, payment logs, and/or internal correspondence of

this Defendant or between this Defendant and any of its subsidiaries, sister companies, and/or parent corporations which relate, reference and/or pertain in any way to the matter made the basis of this suit.

**RESPONSE:** **Defendant objects to this request as it is overly broad, unduly burdensome, not reasonably limited in scope or time, requests information and/or material which is irrelevant and immaterial to Plaintiff's claims in this matter, and is not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request to the extent that the documentation/information it seeks is protected by the attorney/client privilege, by the work product doctrine and/or is material prepared in anticipation of litigation. However, without waiving any objection contained herein, please see the Financial Counselor Notes (stamped C. HUNT 35 through 99) attached hereto as well as the October 31, 2010, November 30, 2010, January 5, 2011, February 4, 2011, February 17, 2011, May 23, 2011 and July 18, 2011 letters to Charles Hunt from 21st Mortgage Corporation (stamped C. HUNT 27 through 34) which were previously produced along with Defendant's Initial Disclosures.**

4. Produce all documents evidencing or relating to internal documents, notes, memoranda, statements of this Defendant regarding the its debt collection activities with regard to an alleged account of Amelia Hunt and Bradley Faile with this Defendant about which Defendant contacted Plaintiff.

    **RESPONSE:** **Defendant objects to this request as it is overly broad, unduly burdensome, not reasonably limited in scope or time, requests information and/or material which is irrelevant and immaterial to Plaintiff's claims in this matter, and is not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request to the extent that the information and/or material it seeks is protected by the attorney/client privilege, by the work product doctrine and/or is material prepared in anticipation of litigation. However, without waiving any objection contained herein, please see the Financial Counselor Notes (stamped C. HUNT 35 through 99) attached hereto.**

5. Produce all documents evidencing or relating to any operations manuals, procedures manuals, and/or similar documents utilized by this Defendant which contain provisions concerning debt collections practices, including, but limited to, any operations manuals.

    **RESPONSE:** **Defendant objects to this request as it is overly broad, unduly burdensome, not reasonably limited in scope or time, requests information and/or material which is irrelevant and immaterial to Plaintiff's claims in this matter, and is not reasonably calculated to lead to the discovery of admissible evidence. Further,**

**Defendant objects to this request to the extent that the information and/or material it seeks is protected by the attorney/client privilege, by the work product doctrine and/or is material prepared in anticipation of litigation. However, without waiving any objection contained herein, see the Policies and Procedures attached hereto (stamped C. HUNT 35 through 99).**

6. Produce all documents evidencing or relating to any operations manuals, procedures manuals, and/or similar documents utilized by this Defendant with regard to its compliance with the TCPA.

   **RESPONSE:** **Defendant objects to this request as it is overly broad, unduly burdensome, not reasonably limited in scope or time, requests information and/or material which is irrelevant and immaterial to Plaintiff's claims in this matter, and is not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request to the extent that the information and/or material it seeks is protected by the attorney/client privilege, by the work product doctrine and/or is material prepared in anticipation of litigation. However, without waiving any objection contained herein, see the Policies and Procedures (stamped C. HUNT 35 through 99) attached.**

7. Produce any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by you to collect debts, which include Plaintiff's name, address, telephone number(s), or any other information which is personally identifiable to Plaintiff.

   **RESPONSE:** **Defendant objects to this request as it is overly broad, unduly burdensome, not reasonably limited in scope or time, requests information and/or material which is irrelevant and immaterial to Plaintiff's claims in this matter, and is not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request to the extent that the information and/or material it seeks is protected by the attorney/client privilege, by the work product doctrine and/or is material prepared in anticipation of litigation. However, without waiving any objection contained herein, please see the Financial Counselor Notes (stamped C. HUNT 35 through 99) attached hereto.**

8. Produce all telephone log sheets, internal memoranda, notes, or other documents prepared or reflecting all collection activity from Plaintiff.

   **RESPONSE: See the Financial Counselor Notes (stamped C. HUNT 35 through 99) attached hereto.**

9. Produce a plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

   **RESPONSE:   See attached "Documenting with abbreviations" document (stamped C. HUNT 35 through 99).**

10. Produce all documents between you and any other person or entity related to Plaintiff.

    **RESPONSE:   Defendant objects to this request to the extent that the documentation/information it seeks is protected by the attorney/client privilege, by the work product doctrine and/or is material prepared in anticipation of litigation. However, without waiving any objection contained herein, please see the October 31, 2010, November 30, 2010, January 5, 2011, February 4, 2011, February 17, 2011, May 23, 2011 and July 18, 2011 letters to Charles Hunt from 21st Mortgage Corporation (stamped C. HUNT 27 through 34) which were previously produced along with Defendant's Initial Disclosures.**

11. Produce all documents contained in any file in your possession with regard to Plaintiff.

    **RESPONSE:   Defendant objects to this request to the extent that the documentation/information it seeks is protected by the attorney/client privilege, by the work product doctrine and/or is material prepared in anticipation of litigation. However, without waiving any objection contained herein, please see the Financial Counselor Notes (stamped C. HUNT 35 through 99) attached as well as the October 31, 2010, November 30, 2010, January 5, 2011, February 4, 2011, February 17, 2011, May 23, 2011 and July 18, 2011 letters to Charles Hunt from 21st Mortgage Corporation (stamped C. HUNT 27 through 34) which were previously produced along with Defendant's Initial Disclosures.**

12. Produce copies of front/back of all descriptions and legends of all Codes used in your software and/or collections system so that examiners and auditors and experts retained to audit and review this account may properly conduct their work.

    **RESPONSE:   Defendant objects to this request as it is overly broad, unduly burdensome, not reasonably limited in scope or time, requests information and/or material which is irrelevant and immaterial to Plaintiff's claims in this matter, and is not reasonably calculated to lead to the discovery of admissible evidence. However, without waiving any objection contained herein, please see attached "Documenting with Abbreviations." (stamped C. HUNT 100).**

13. Produce all documents evidencing or relating to any operations manuals.

    **RESPONSE:** **Defendant does not have an "operations manual."**

14. Produce any and all users manuals and technical manuals for the phone systems, both hardware and software, utilized by Defendant to make the telephone calls at issue in this matter.

    **RESPONSE:** **See the Nortel Meridian Modular Telephone user manual, a produced along with Defendants initial disclosures (stamped C. HUNT 1 through 26).**

15. Produce any and all documents which evidence, relate, or in any way pertain to your procedures for skip-tracing to find names, addresses, telephone numbers, and/or other information about debtors, co-debtors, and/or friends and/or relatives of debtors and/or co-debtors.

    **RESPONSE:** **Defendant objects to this request as it is overly broad, unduly burdensome, not reasonably limited in scope or time, requests information and/or material which is irrelevant and immaterial to Plaintiff's claims in this matter, and is not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request to the extent that the documentation/information it seeks is protected by the attorney/client privilege, by the work product doctrine and/or is material prepared in anticipation of litigation. However, without waiving any objection contained herein, please see the Financial Counselor Notes (stamped C. HUNT 35 through 99) attached as well as the October 31, 2010, November 30, 2010, January 5, 2011, February 4, 2011, February 17, 2011, May 23, 2011 and July 18, 2011 letters to Charles Hunt from 21st Mortgage Corporation (stamped C. HUNT 27 through 34) which were previously produced along with Defendant's Initial Disclosures.**

_____
DAVID M. WILSON (ASB-1797-N71D)
JAMES E. MITCHELL, JR. (ASB-9127-E62M)
Attorneys for the Defendant
21st Mortgage Corporation

**OF COUNSEL:**

WILSON & BERRYHILL P.C.
One Metroplex Drive
Suite 250
Birmingham, Alabama 35209
Telephone (205) 252-4441
Facsimile (205) 252-0320
david@wilsonberryhill.com
jimmy@wilsonberryhill.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all Counsel of Record in this cause by e-mail and by placing a copy of same, properly addressed and postage paid, in the U. S. Mail on this the ___ day of February, 2013.

Wesley Phillips, Esquire
Phillips Law Group, LLC
P.O. Box 130488
Birmingham, Alabama 35213

_____
Of Counsel: