Case 2:12-cv-02697-LSC Document 42-5 Filed 06/26/13 Page 1 of 5

Exhibit E

FILED
2013 Jun-26 PM 05:34
U.S. DISTRICT COURT
N.D. OF ALABAMA



# WILSON & BERRYHILL, P.C.
### ATTORNEYS AT LAW

ONE METROPLEX DRIVE
SUITE 250
BIRMINGHAM, ALABAMA 35209
www.wilsonberryhill.com

Writer's e-mail address:
jimmy@wilsonberryhill.com

TELEPHONE (205) 252-4441
FAX (205) 252-0320

DAVID M. WILSON
JONATHAN L. BERRYHILL
JUD C. STANFORD
JAMES E. MITCHELL, JR.
ROBERT A. "DREW" FEELEY
P. TED COLQUETT, OF COUNSEL

*BOARD CERTIFIED CIVIL TRIAL
SPECIALIST BY THE NATIONAL
BOARD OF TRIAL ADVOCACY

June 20, 2013

Wesley L. Phillips, Esquire
PHILLIPS LAW GROUP, LLC
P.O. Box 130488
Birmingham, Alabama 35213-0488

Re: **Charles Hunt v. 21st Mortgage Corporation**
**Wilson & Berryhill, P.C. File Number: 1027-53385**

Dear Wesley:

I write in regard to the issues you raised in your May 23, 2013 correspondence regarding my client's response to your client's interrogatories and request for production of documents and other discovery issues. First, thank you for providing me with a 30(b)(6) deposition notice. I have passed it along to my client. Would you be willing to conduct the 30(b)(6) deposition by telephone? Please let me know your response and then we can coordinate dates. I would like to depose your client on the same date as the 30(b)(6) deposition. Provide me with some dates when you and your client are available and let's get them set. You also requested the depositions of Mr. Buttram, Ms. Wolfe and Mr. Collins. We will make Mr. Collins and Mr. Buttram available and can do so on the same date as the 30(b)(6) deposition if you so desire depending on whether we conduct those by telephone. In regard to Ms. Wolfe, she is no longer with 21st. Further, the majority of the information of which she would have knowledge would have been learned through her position as litigation manager and therefore would be subject to privilege. Therefore, we object to putting her up for deposition at this time. Now, on to the issues you raised regarding my client's responses to your written discovery. I will take each up in order.

In regard to interrogatories number 7 and 8, you complain that "Defendant merely objected to this Interrogatory but Plaintiff has a right to know what lawsuits, if any, Defendant has been involved with regard to TCPA actions similar to the one filed by Plaintiff....No. 8: Same as No. 7 pertaining the FDCPA." The interrogatories and our responses were as follows:

Wesley L. Phillips, Esquire
June 20, 2013
Page Two

7.  State whether, in the past ten (10) years, this Defendant has been names a party defendant in any other lawsuit involving claims or allegations this Defendant violated the Telephone Consumer Protection Act ("TCPA"). If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

    **RESPONSE:** **Defendant objects to this interrogatory as it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.**

8.  State whether, in the past ten (10) years, this Defendant has been named a party defendant in any other lawsuit involving claims or allegations this Defendant violated the Fair Debt Collections Practices Act ("FDCPA"). If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

    **RESPONSE:** **Defendant objects to this interrogatory as it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.**

I have spoken to my client. 21st Mortgage has not been involved in any "actions similar to the one filed by the Plaintiff." We stand by our objection. However, for your information, there have been no suits brought pursuant to the TCPA or FDCPA in the past five years filed by anyone, similarly situated to Mr. Hunt, the spouse of a person named on an account.

Next you complain "No. 10: Defendant has not produced a privilege log as it stated it would do in response to this Interrogatory." The interrogatory and our response were as follows:

10. Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

    **RESPONSE:** **Defendant objects to this interrogatory as it is beyond the scope of allowable discovery permitted by FED. R. CIV. P. 26 and 33. However, without waiving any objection contained herein, Defendant will comply with the requirements of FED. R. CIV. P. 26(b)(5)(A).**

We are in the process of compiling a description of "the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim" as is required by F. R. CIV. P. 26. Most if not all of the documents that are withheld are subject to the attorney client privilege as they are communications between 21st and their attorneys. However, to the extent other documents have been withheld, we will comply with Rule 26 as we stated originally.

Wesley L. Phillips, Esquire
June 20, 2013
Page Three

Your next complaint is that "No. 16: Defendant needs to fully and completely respond to this Interrogatory. This lawsuit is derivative of the Amelia Hunt v. 21st Century Mortgage lawsuit and Defendant and counsel were involved in that lawsuit and are fully aware of the account of Amelia Hunt that was subject of that lawsuit and is also the subject of this lawsuit as Defendant was harassing Plaintiff for payments on the account, which lead to the instant lawsuit....No. 17: Same as No. 16." The interrogatories and our responses are reproduced below:

16. State the name, position of employment, address and telephone number of all persons who have had any responsibility for or who have taken any action with regard to the collection of the account which is the subject matter of this cause.

   **RESPONSE:** **Defendant objects to this interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant states that there is no "account which is the subject matter of this cause."**

17. Identify the custodians of the records, including name, address and phone number that would show all entries regarding the flow of funds regarding the subject account. If this person does not have personal knowledge of the transaction, then please identify in like fashion the person who worked for your company and had custody of the accounting or bookkeeping registers or records identifying said flow of funds. Flow of funds, means (a) any record of money received, (b) any record of money paid out and (c) any bookkeeping or accounting entry, general ledger and accounting treatment of the subject loan transaction at your company including but not limited to whether the subject account transaction was ever entered into any category on the balance sheet at any time or times.

   **RESPONSE:** **Defendant objects to this interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant states that there is no "subject account."**

We stand by our responses. However, in an effort to resolve this issue, please see the attached Payment History stamped C. HUNT 213 – 215.

You next complain about our responses to interrogatories number 25 and 26. You state, "No. 25: Defendant has failed to completely and fully respond to this Interrogatory and must provide Plaintiff with the information requested as there is no applicable privilege for Defendant's failure to respond...No. 26: Same as No. 25." The interrogatories and responses are reproduced below:

Wesley L. Phillips, Esquire
June 20, 2013
Page Four

---

25. If you contend that Plaintiff, Plaintiff's relatives, and any or all friends and/or neighbors of Plaintiff, consented to be called on their cellular telephone, either through use of an automatic dialing system or otherwise, by you, identify the basis for such contention specifically for each person, including specific identification of all documents or things that support this contention.

    **RESPONSE:** **Defendant objects to this interrogatory as it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.**

26. Describe all your document destruction and retention policies.

    **RESPONSE:** **Defendant objects to this interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence.**

We stand by our responses. First, as is clearly evident from our other discovery responses 21st Mortgage does not distinguish between cellular telephone numbers and any other type of telephone number, see response to interrogatory number 21, 22 and 24. Further, as you are fully aware by now, there is absolutely no evidence that an "automatic dialing system" was ever utilized, see our response to interrogatory number 23 as well as the documents regarding the telephone system utilized by 21st Mortgage. Lastly, your focus on relatives is clearly not relevant to the claims brought by your client.

In regard to our response to interrogatory number 26, I do not see how 21st Mortgage's document destruction and retention policy has anything to do with the claims brought in this matter. We stand by our response.

Lastly, you complain about our response to interrogatory number 27. It, along with our response is reproduced below:

27. State whether you have ever taken any measures or action to attempt to identify whether any telephone number you called was a cellular telephone number. If so, please identify with specificity what measure(s) or actions you took, who took the measure(s) or actions, any third party involved, why the measure or action was taken and what resulted from the measures or actions. If not, please explain why not.

    **RESPONSE:** **No.**

You complain "No. 27: Defendant needs to clarify its response. It is unclear whether Defendant is refusing to state a response to the Interrogatory of [sic] whether its response is it has not taken any measures or actions to attempt to identify whether a number called by it is a cellular number." Our response could not be more clear, it is NO (i.e. 21st does not take any measures). Further, refer to our other responses mentioned above regarding cellular telephone numbers.

Wesley L. Phillips, Esquire
June 20, 2013
Page Five

_____

      Please let me know when you want to schedule these depositions. I will of course need your client's responses to our interrogatories and request for production of documents in advance of the depositions. We served the discovery on May 21, 2013 and therefore, by my calculation, your responses are due today, Thursday, June 20, 2013. I look forward to receiving them. In the meantime, should you have any questions or additional concerns, please do not hesitate to contact me.

      With best wishes, I remain

                                         Sincerely yours,

                                         JAMES E. MITHCELL, JR.

JEM/llh