FILED
2013 Aug-01 PM 02:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 12-CV-2697-WMA |
| | ) |
| 21st MORTGAGE CORPORATION, | ) |
| a Corporation, | ) |
| | ) |
| Defendant. | ) |

PLAINTIFF'S MOTION TO COMPEL RULE 34 INSPECTION

COMES NOW Plaintiff Charles Hunt and hereby moves this Honorable Court to compel Defendant 21st Mortgage Corporation ("21st Mortgage") to allow a the Rule 34, Federal Rules of Civil Procedure, inspection in this matter, and as grounds therefore, states and shows the Court the following:

1. On July 3, 2013, Plaintiff filed the attached Notice of Inspection with Defendant 21st Mortgage[1].

2. On July 10, 2013, Defendant filed objections to Plaintiff's Rule 34

---

[1] *See* Exhibit A, Rule 34, Notice of Inspection.

Notice of Inspection[2].

3.     Thereafter, counsel for Plaintiff sent counsel for Defendant correspondence attempting to address Defendant's objections to Plaintiff's Rule 34 Notice of Inspection[3].  However, Defendant has failed and refused to respond to Plaintiff's correspondence and has chosen to stone wall and attempt to thwart Plaintiff's discovery.

4.     Defendant 21st Mortgage has claimed throughout the pendency of this matter it does not use any of the automated dialing systems or predictive dialers set out in the TCPA.

5.     Defendant has claimed throughout this matter that the collection calls it makes are performed manually by someone sitting at a telephone, picking up the telephone and manually dialing the telephone to make each and every debt collection call, and unlike the rest of the industry as a whole, does not use any automated equipment like autodialers and predictive dialers, which are much more efficient in making the collection calls, to make calls seeking to collect alleged debts owed to it.

6.     Therefore, Plaintiff has substantial need to inspect the facilities,

---

[2]*See* Exhibit B, Defendant's Objection and Response to Plaintiff's Notice of Rule 34 Inspection.

[3]*See* Exhibit C, Correspondence of July 10, 2013 from counsel for Plaintiff to counsel for Defendant.

equipment and software used by Defendant to make collection calls.  If Defendant's claims are true, it should be no imposition for Plaintiff to see these operations occurring during normal business hours. Plaintiff has scheduled the depositions of Defendant 21st Mortgage at its headquarters in Knoxville, Tennessee as insisted by Defendant and any imposition caused by Plaintiff inspecting its facilities while there is minimal.

7.      Further, Defendant 21st Mortgage claims in response Number 2 that the phone system at issue was replaced *during the pendency of this litigation* and implies that the system has been removed and discarded stating, "there is no telephone or telephone system to inspect."

6.      Defendant 21st Mortgage has had knowledge of Plaintiff's claims in this matter well before it replaced its phone system, if indeed it did so, and now claims that the telephone system has been discarded.  If this is true, this is working *great prejudice* to the Plaintiff as Defendant has engaged in wilfull spoliation of evidence.

7.      Likewise, any software in use by Defendant when making collection calls should be available for inspection by Plaintiff due to Defendant's defenses in this case claiming it does not use any software to assist it in  making its collection calls unlike the remainder of the industry.

8.      The Federal Rules of Civil Procedure, and in particular, Rule 34(a)(2),

which states, "*to permit entry onto designated land or other property possessed or controlled by the responding party*, so that the requesting party may *inspect*, measure, survey, photograph, test, or sample the property *or any designated object or operation* on it," were designed so that a party in Plaintiff's position could test the claims and defenses made by Defendants like Defendant 21st Mortgage in this case. Defendant 21st Mortgage is engaging in dilatory tactics with respect to Plaintiff's notice of inspection and as a result, Plaintiff is suffering great prejudice at the hands of Defendant.

WHEREFORE, PREMISES CONSIDERED, Plaintiff moves this Honorable Court to enter an Order directing Defendant 21st Mortgage to allow Plaintiff to inspect the premises, computer equipment, and telephone systems, including the telephone system at issue in this matter during Plaintiff's depositions of Defendant's 30(b)(6) representatives on August 8th and 9th at its headquarters in Knoxville, Tennessee.

Respectfully submitted this  1st  day  August , 2013.

                                                        s/Wesley L. Phillips
                                                        Attorney for Plaintiff
                                                        Wesley L. Phillips

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236

Telephone: (205) 383-3585
Facsimile: (800) 536-0385
Email: wlp@phillipslaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing document has been served on all parties/attorney(s) of record via either U.S. Mail, postage prepaid, electronic mail, facsimile, and/or electronic mail through the ECM/CF system this  1st  day of  August , 2013.

David M. Wilson
James E. Mitchell, Jr.
WILSON & BERRYHILL
One Metroplex Drive, Suite 250
Montgomery, Alabama 35209

                                          s/Wesley L. Phillips
                                          OF COUNSEL