IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES HUNT,            } | |
|                          } | |
|     Plaintiff,           } | |
|                          } | CIVIL ACTION NO. |
| v.                       } | 12-AR-2697-S |
|                          } | |
| 21ST MORTGAGE CORPORATION, } | |
|                          } | |
|     Defendant.           } | |

## MEMORANDUM OPINION AND ORDER

On August 9, 2013, the court conducted an oral hearing on the motion to compel filed by plaintiff, Charles Hunt ("Hunt"), on August 1, 2013, seeking access to the premises of defendant, 21st Mortgage Corporation ("21st Mtg."). In opposing the motion, 21st Mtg. reiterated its insistence that no "automatic telephone dialing system," as defined in 47 U.S.C. § 227, whether or not now stored on its premises, was ever used by it for the telephone calls it made to Hunt, and therefore that the stored equipment is irrelevant. Hunt responds with the argument that even if the equipment was not **actually** used (something he denies), if it was possessed and available, its mere **capability** for automatically storing or producing telephone numbers was the functional equivalent of actually using the equipment, and therefore, would prove a violation of the Telephone Consumer Production Act of 1991, just as if it had been used. 21st Mtg. has not conceded that within the time period during which the telephone calls here in dispute were made, it had in its possession and available for use an

"automated telephone dialing system", as that term is defined in 47 U.S.C. § 227.  Under the circumstances, it is hereby ORDERED as follows:

    1.  **On or before August 26, 2013,** 21st Mtg. shall file with the Clerk an affidavit, executed by a knowledgeable officer of the company, either confessing that 21st Mtg. had in its possession and available for use an "automated telephone dialing system", as that term is defined in 47 U.S.C. § 227, during the time period in question, or denying that it had such equipment in its possession and available for use during the said time period.  In the event the affidavit asserts that 21st Mtg. did possess equipment capable of performing some, but not all, of the functions of equipment defined in 47 U.S.C. § 227, the affidavit shall describe the distinctions in detail.

    2.  **ON AND NOT BEFORE SEPTEMBER 6, 2013,** each party shall file a brief with the Clerk, not to exceed twenty (20) pages, justifying the party's position with respect to the significance in this case of equipment defined in 47 U.S.C. § 227 that was not actually used, but that was **capable** storing or producing telephone numbers to be called, using a random or sequential number generator, and to dial such numbers without regard to whether or not the equipment was actually employed to make any of the telephone calls at issue.

    3.  21st Mtg. shall not dispose of any equipment now in its

possession without the express permission of the court.

    4.   Hunt's motion to compel is held in abeyance.

    5.   All deadlines are SUSPENDED.

DONE this 16th day of August, 2013.

                                          _____
                                          WILLIAM M. ACKER, JR.
                                          UNITED STATES DISTRICT JUDGE