FILED

2014 Nov-07  PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | 12-CV-2697-LSC |
| | ) | |
| 21st MORTGAGE CORPORATION, | ) | |
| a Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

---

## PROPOSED COURT INSTRUCTIONS TO THE JURY

---

Pursuant to this Honorable Court's August 14, 2014 Pretrial Order, the parties hereby submit this single, joint proposed jury charge. Each disputed instruction, definition, or question is set out in bold and underlined and identified as disputed as required by this Honorable Court's Order. Each party's proposed instruction regarding the charges in dispute is found in section II below.

### I. AGREED INSTRUCTIONS:

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

## MUST APPLY THE LAW

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

## CORPORATION

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## EVIDENCE

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions that reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact,

such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

## WITNESS CREDIBILITY

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and

ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

## MISTAKE BY A WITNESS

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## BURDEN OF PROOF

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the

evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

## **TCPA CLAIMS**

### **The parties could not agree upon a TCPA jury instruction see section II below.**

## ALABAMA INVASION OF PRIVACY CLAIM

Plaintiff claims damages of the defendant for the violation of his right of privacy by an intrusion upon his physical solitude or seclusion.  The burden is

upon the plaintiff to reasonably satisfy you by the evidence of the truthfulness of his claim of the violation of his privacy by the defendant.  The plaintiff would be entitled to a verdict if you are reasonably satisfied from the evidence that defendant has violated plaintiff's right of privacy and if you are further reasonably satisfied from the evidence that the plaintiff suffered the injuries and damages claimed by him as a proximate result of such wrongful conduct on the part of the defendant.  2 Ala. Pattern Jury Instr. Civ. 35.00 (3d ed.)

A wrongful intrusion upon a person's solitude or seclusion is defined as the intentional wrongful intrusion by the defendant into the plaintiff's private activities in such manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.  There must be something in the nature of a prying or intrusion which would be offensive or objectionable to a reasonable person. The intrusion may be a physical intrusion by the defendant into a place in which the plaintiff has secluded himself, or it may be by use of the defendant's senses, with or without mechanical aids, to oversee or overhear the plaintiff's private affairs. The intrusion may be into a private physical space, or it may be into the plaintiff's emotional sanctum. The thing into which there is an intrusion must be of the type considered to be private, and it should be entitled to be private.  In determining whether there was a wrongful intrusion, you may consider whether the means used by defendant to gather the private information were excessively objectionable or

improper, or whether the defendant's purpose for obtaining the private information was objectionable or improper.  2 Ala. Pattern Jury Instr. Civ. 35.03 (3d ed.)

## CAUSATION

You must decide whether 21ST Mortgage's conduct caused Charles Hunt's harm. 21st Mortgage's conduct caused the harm if (1) the conduct naturally and probably brought about the harm and (2) the harm would not have happened without the conduct.

APJI 33.00

## DAMAGES
## NOMINAL DAMAGES

If you find that Charles Hunt has proven his invasion of privacy claims but conclude that Charles Hunt has failed to present sufficient evidence of actual damages, then you may award only nominal damages. Nominal damages are a small amount of money awarded, for example $1.00, when you are reasonably satisfied from the evidence that Charles Hunt has been harmed, but he has not proved the amount that you should award. "Nominal damages consist of a small, trivial, or insignificant sum of money and are given merely to vindicate the defendant's technical violation of plaintiff's rights."

APJI 11.40 and 11A:02.

## DAMAGES
## MENTAL ANGUISH

Charles Hunt says that he has mental anguish. There is no legal rule or yardstick that tells you how much money to award for mental anguish. The amount you decide to award is up to you, but it must be fair and reasonable, based on sound judgment, and proved by the evidence. In deciding the amount of the award, you may consider, among other things, the nature, severity, and length of time Charles Hunt had mental anguish.

APJI 11A:10.

## DAMAGES
## PUNITIVE DAMAGES

As to Charles Hunt's state law claims of invasion of privacy, if you are reasonably satisfied from the evidence that the plaintiff's privacy was violated and that such violation was accompanied by insult or malice, you may, in your discretion, assess punitive damages by way of punishment although the actual injury is purely nominal.  2 Ala. Pattern Jury Instr. Civ. 35.02 (3d ed.).

Punitive damages are awarded to a plaintiff to punish a defendant for its wrongful conduct, and to protect the public by deterring or discouraging the defendant and others from doing the same or similar wrongs in the future. Before you can award punitive damages (1) you must have decided to award Charles Hunt compensatory or nominal damages; and (2) Charles Hunt must have proved by

clear and convincing evidence that 21st Mortgage consciously or deliberately acted toward Charles Hunt with insult or malice.

Clear and convincing evidence means evidence that, when weighed against opposing evidence, produces in your mind a firm conviction about each element of the claim and a high probability that your conclusion is correct. Proof by clear and convincing evidence requires a level of proof greater than proof to your reasonable satisfaction from the evidence or the substantial weight of the evidence, but it is less than proof beyond a reasonable doubt.

Malice is the intentional doing of a wrongful act without just cause or excuse, either:

1. With an intent to injure the person or property of another person or entity, or

2. Under circumstances that the law will imply an evil intent.

Whether you award punitive damages is up to you. If you do, the amount of the award is determined by the character and degree of the defendant's wrongful conduct, and the necessity to prevent the same or similar wrongful conduct by the defendant and others in the future.

APJI 11A.03

## CAUTIONING CHARGE
## CONCERNING DAMAGES

Of course, the fact that I have given you instructions concerning the issue of

Charles Hunt's damages should not be interpreted in any way as an indication that I believe that Charles Hunt should, or should not, prevail in this case.

Any verdict that you reach in the jury room must be unanimous. In other words, to return to a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.

While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Eleventh Circuit Court of Appeals, Pattern Jury Instructions (Civil Cases) 2005: 7.1.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

## II.     DISPUTED INSTRUCTIONS:

### A. TCPA:

#### 1.  PLAINTIFF'S PROPOSED TCPA INSTRUCTION:

TCPA CLAIMS

One claim in this case arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, which I will call the "TCPA" for convenience. The TCPA is a federal law passed by Congress.

The TCPA prohibits a party from using any automatic telephone dialing system (also know as an "ATDS" for short) to call a telephone number associated

with a cellular service. The only exceptions to the TCPA's prohibition relate to calls made for an emergency purpose, calls made with the prior express consent of the called party, or calls made regarding a prior existing business relationship.

The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

A system need not actually store, produce or call randomly or sequentially generated telephone numbers, it only need to have the capacity to do it.

The statutory definition does not turn on whether the call is made for marketing purposes. FCC 03-153 at 79, n. 442.2. The FCC has determined that an "automatic telephone dialing system" includes a device known as a "predictive dialer." FCC 03-153 at 79.

A "predictive dialer" is equipment that dials numbers and, when certain computer software is attached, also assists a business in predicting when an agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers. In most cases, employees program the numbers to be called into the equipment, and the dialer calls them at a rate to ensure that when a consumer answers the phone, an agent is available to take the

call. FCC 03-153 at 77 (citations omitted).

"Express consent" is defined as "[c]onsent that is clearly and unmistakably stated."

47 U.S.C. § 227; *Satterfield v. Simon & Schuster, Inc.*, 569 F. 3d 946, 951, 955 (9th Cir. 2009), (citing Black's Law Dictionary 323 (8th ed.2004).

PLAINTIFF'S CONTENTIONS REGARDING THE TCPA

Plaintiff contends that Defendant violated the TCPA in the following ways:

Defendant utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number without Plaintiff's express consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii);

Defendant repeatedly utilized an automated dialing system to call Plaintiff's cellular telephone, absent Plaintiff's express written permission, in violation of 47 U.S.C. §227(b)(1)(A)(iii);

Defendant utilized an artificial or prerecorded voice when making and/or placing a telephone call to Plaintiff's cellular telephone number without Plaintiff's express consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii); and

Defendant repeatedly utilized an artificial or prerecorded voice when calling Plaintiff's cellular telephone, absent Plaintiff's express written permission, in violation of 47 U.S.C. §227(b)(1)(A)(iii).

The TCPA provides:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

* * *

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).

## DAMAGES UNDER THE TCPA

The TCPA at section 227(b)(3) provides:

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

**(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

**(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

**(C)** both such actions.

If the court finds that the defendant willfully or knowingly violated this

subsection or the regulations prescribed under this subsection, the court may,

in its discretion, increase the amount of the award to an amount equal to not

more than 3 times the amount available under subparagraph (B) of this

paragraph.

47 U.S.C. § 227(b)(3).

The TCPA provides for statutory damages of $500.00 for each violation, without any requirement that a defendant's conduct be either willful or knowing.

Additionally, treble damages are proper under the TCPA – three (3) times the statutory minimum damage award of $500.00 **per violation** – where the defendant's actions were committed "willfully or knowingly."

The Communications Act of 1943, of which the TCPA is a part, defines willful as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation." In the context of the TCPA, the term acting "willfully" means that "the defendant acted voluntarily, and under its own free will, regardless of whether the defendant knew that it was acting in violation of the statute.

*Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270, *6 (N.D. Ill. 2010); *Dubsky v. Advanced Cellular Communications, Inc.,* 2004 WL 503757, *2 (Ohio Com. Pl. 2004); *Smith v. Wade,* 461 U.S. 30, 41 n. 8 (1983).

## 2.  DEFENDANT'S PROPOSED TCPA INSTRUCTION:

The Plaintiff, Charles Hunt, asserts a claim against 21st Mortgage Corporation for allegedly violating the Telephone Consumer Protection Act, commonly known as the "TCPA." The Plaintiff, Charles Hunt, specifically claims that 21st Mortgage Corporation violated 47 U.S.C. § 227(b)(1)(A)(iii).  To succeed on this claim, the Plaintiff, Charles Hunt, must prove the following facts by a preponderance of the evidence:

(1) that 21st Mortgage Corporation made a call;

(2) that the call was not made for emergency purposes;

(3) that the call was not made with the prior express consent of the Plaintiff, Charles Hunt;

(4) that the call was made using an automatic telephone dialing system or an artificial or prerecorded voice.

Under the TCPA, an "Automatic Telephone Dialing System" is defined as equipment which has the capacity—

**(A)** to store or produce telephone numbers to be called, using a random or sequential number generator; and

**(B)** to dial such numbers.

To meet the TCPA definition of an "automatic telephone dialing system," a system must have a present capacity, at the time the calls were being made, to store or produce and call numbers from a number generator.  While a defendant can be liable under § 227(b)(1)(A) whenever it has such a system, even if it does not make use of the automatic dialing capability, it cannot be held liable if substantial modification or alteration of the system would be required to achieve that capability.  (Doc. 31 pp. 9-10).

A person who claims that someone violated the TCPA may bring a civil action an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater.   47 U.S.C.A. § 227(b)(3)(B).

**B. SPOLIATION:**

**1.  PLAINTIFF'S PROPOSED SPOLIATION INSTRUCTION:**

In this case, the plaintiff claims that the defendant destroyed, altered, failed to preserve or otherwise tampered with material evidence to be used by the plaintiff, which was its telephone and computer system used to contact its customers by telephone. If you are reasonably satisfied from the evidence that the defendant failed to preserve or did or attempted to wrongfully destroy, alter, or otherwise tamper with its telephone and computer system used to contact its customers by telephone, and that this evidence is relevant, then you may infer that

the destroyed its telephone and computer system used to contact its customers by telephone was unfavorable to the defendant and did not support its claims or defenses.

Brown v. Chertoff, 563 F. Supp. 2d 1372
Flury v. Daimler Chrysler Corp., 427 F. 3d 939
Ladner v. Litespeed Mfg. Co., 537 F. Supp. 2d 1206

## 2. DEFENDANT'S POSITION REGARDING SPOLIATION:

Defendant objects to any spoliation instruction and object's to the Plaintiff's proposed spoliation instruction as will be more fully set forth in its Brief Regarding Spoliation.  However, assuming arguendo that this Honorable Court is to issue such a charge, Defendant requests the following Charge:

In this case, the Plaintiff claims that the Defendant destroyed, altered, or otherwise tampered with material evidence in bad faith, which was the Nortel Meridian Telephone System.  If you are reasonably satisfied from the evidence that the Defendant did or attempted to wrongfully destroy, alter, or otherwise tamper with the Nortel Meridian Telephone System in bad faith, and that this evidence is relevant, then you may infer that the destroyed Nortel Meridian Telephone System was  unfavorable to the Defendant.

Respectfully submitted,

/s/ M. Stan Herring
JOHN G. WATTS (ASB-5819-T82J)
M. STAN HERRING (ASB-1074-N72M)
Attorneys for the Plaintiff

**OF COUNSEL:**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

/s/ Wesley L. Phillips
WESLEY L. PHILLIPS
Attorney for the Plaintiff

**OF COUNSEL:**
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
wlp@phillipslaw.com

/s/ James E. Mitchell, Jr.
DAVID M. WILSON  (ASB-1797-N71D)
JAMES E. MITCHELL, JR.  (ASB-9127-E62M)
Attorneys for the Defendant
21st Mortgage Corporation

**OF COUNSEL:**
WILSON & BERRYHILL P.C.
One Metroplex Drive
Suite 250
Birmingham, Alabama  35209
Telephone (205) 252-4441
Facsimile (205) 252-0320
david@wilsonberryhill.com
jimmy@wilsonberryhill.com