IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:12-cv-2697-LSC |
| | ) |
| 21ST MORTGAGE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION IN LIMINE

COMES NOW the Defendant, 21st Mortgage Corporation ("21st Mtg."), and hereby moves this Honorable Court in limine for an Order regarding the following matters:

### AGREED BETWEEN THE PARTIES

1. Defendant seeks an order preventing the Plaintiff or Plaintiff's counsel from mentioning, eliciting testimony with respect to, or offering any evidence in any form regarding any previous or subsequent claims, lawsuits, judicial proceeds, etc. which in any way involved 21st Mortgage Corporation. Defendant contends that this testimony and/or evidence is irrelevant and prejudicial to the Defendant. Further, Defendant contends that the probative value of said evidence is substantially outweighed by its prejudicial effect. FED. R. EVID. 401, 402 and 403.

2. Defendant seeks an order preventing the Plaintiff or Plaintiff's counsel from mentioning, eliciting testimony with respect to, or offering any evidence in any form regarding whether or not, the Plaintiff and 21st Mtg., through their respective counsel, have engaged in settlement negotiations, or have previously entered into any settlement agreement in this matter or any other matter, including but not limited to any claim by Plaintiff's wife, Amelia Hunt. An offer of compromise by one party to the other in a civil action, whether before or after the litigation is begun, is inadmissible. This rule of exclusion has been applied to preclude the admissibility of such offers when also communicated by a party's attorney. FED. R. EVID. 408. However, should this Honorable Court decide to issue a spoliation charge as requested by the Plaintiff, Defendant reserves the

right to elect to present evidence regarding Ms. Hunt's claims as alluded to by this Honorable Court at the pre-trial conference.

3. Defendant seeks an order preventing the Plaintiff or Plaintiff's counsel from any presentation or introduction of exhibits, documents, photos, maps, drawings, blow-ups, or any other demonstrative evidence and information by Plaintiffs and/or their attorneys to the jury without the Defendants and/or their attorneys first having the chance to review such information and either stipulate to or object to its admission at trial. Doing so will prevent the admission of evidence to the jury that is irrelevant, cumulative, misleading, wasteful, confusing and prejudicial to Defendants. FED.R.EVID. 401, 402 and 403.

4. Defendant seeks an order preventing the Plaintiff or Plaintiff's counsel from any mentioning or suggesting that the jurors place themselves in the position of any party because the same is an improper appeal to passions and sympathies. FED. R. EVID. 402 and Rule 403. See Loose v. Offshore Nav., Inc., 670 F.2d 493, 496 (5th Cir. 1982) ("What every lawyer should know is that a plea to the jury that they 'should put themselves in the shoes of the plaintiff and do unto him as they would have done unto them under similar circumstances .... (is) improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.' *Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978) (footnote omitted), rev'd on other grounds, 606 F.2d 524 (5th Cir. 1979) (en banc) (panel opinion reinstated as to matters not discussed in en banc opinion), cert. denied, 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed.2d 815 (1980). The use of such a 'Golden Rule' argument so taints a verdict as to be grounds for a new trial. *See, e.g., Ivy v. Security Barge*, 585 F.2d at 741.").

## NO AGREEMENT COULD BE REACHED BY THE PARTIES REGARDING THE FOLLOWING MATTERS

### ROBERT BIGGERSTAFF

1. Defendant seeks an Order from this Honorable Court which excludes the Expert Report and Testimony of Robert Biggerstaff. Defendant has maintained throughout this litigation that Mr. Biggerstaff is not competent to testify in this matter as an expert, or otherwise. Defendant hereby adopts, realleges and renews its Motion to Exclude Testimony from Robert Biggerstaff (Document 65) and its Motion to Strike and/or Exclude Evidence (Document 48) as if fully set forth herein. Mr. Biggerstaff's opinions are not admissible under the standards of FED. R. EVID. 702, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999). Mr. Biggerstaff's testimony and opinions are not admissible under FED. R. EVID. 702 because (1) he is not qualified to testify competently regarding the matters he intends to address; (2) the methodology by which Mr. Biggerstaff reaches his conclusions is not sufficiently reliable under Daubert and its progeny; and (3) Mr.

Biggerstaff's testimony will not assist the trier of fact, through the application of scientific, technical or specialized expertise, to understand the evidence or to determine a fact in issue. Further, Mr. Biggerstaff's report, and any supporting or reference documentation are not relevant under FED. R. EVID. 401 and thus not admissible under FED. R. EVID. 402. Assuming arguendo that the Court finds Mr. Biggerstaff's opinions are relevant, his testimony and reports should be excluded because its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FED. R. EVID. 403. Notwithstanding the forgoing, Defendant reserves the right to request permission to conduct a voir dire examination of Mr. Biggerstaff to determine the basis of his knowledge, whether he is qualified to testify as an expert in this matter and/or whether Mr. Biggerstaff is otherwise competent to testify in this matter.

### AMELIA HUNT'S LAWSUIT AND DEALINGS WITH 21ST MTG.

2. Defendant seeks an order preventing the Plaintiff, Plaintiff's counsel, Plaintiff's wife, Amelia Hunt, or any other witness from mentioning, eliciting testimony with respect to, or offering any evidence in any form regarding Ms. Hunt's lawsuit against 21st Mtg., any resolution to said suit, her contacts and/or dealings with 21st. Mtg., 21st Mtg.'s attempts to contact her, etc. Defendant contends that this testimony and/or evidence is irrelevant and prejudicial to the Defendant. Further, Defendant contends that the probative value of said evidence is substantially outweighed by its prejudicial effect. FED. R. EVID. 402 and Rule 403. However, should this Honorable Court decide to issue a spoliation charge as requested by the Plaintiff, Defendant reserves the right to elect to present evidence regarding Ms. Hunt's claims as alluded to by this Honorable Court at the pre-trial conference.

### 21ST MORTGAGE CORPORATION AND ITS STATUS

3. Defendant seeks an order preventing the Plaintiff or Plaintiff's counsel from mentioning, eliciting testimony with respect to, or offering any evidence in any form regarding the size or wealth of 21st Mortgage Corporation, the number of loans owned and/or serviced by 21st Mortgage Corporation, its subsidiaries or parent corporations, including but not limited to its affiliation with Berkshire Hathaway, the number of employees working for 21st Mortgage Corporation, etc., as such evidence is not relevant to any issues in this case and is offered primarily to generate sympathy for Plaintiff or his attorneys or experts. Moreover, any probative value such evidence may have is substantially outweighed by the danger of unfair prejudice. FED. R. EVID. 401 and 403. In addition, the "long-standing Alabama law on the issue of admissibility of evidence of a defendant's wealth," is that " 'evidence of a defendant's wealth is highly prejudicial and, therefore, inadmissible [during trial].' " Ex parte Hsu, 707 So.2d 223, 225 (Ala.1997) (quoting Southern Life & Health Ins. Co. v. Whitman, 358 So.2d 1025, 1026 (Ala.1978) (brackets in original). Because the Plaintiff only claims punitive damages for his Alabama tort invasion of privacy claim, substantive Alabama law on the issue of admission of a defendant's wealth should apply. See the rationale

in <u>Wilson v. Gillis Advertising Company</u>. 145 F.R.D. 578, 579–80 (N.D.Ala.1993) (the rule governing the admissibility of evidence of a defendant's wealth "is so fundamental to the resolution of the issue of punitive damages under the Alabama law theories as to be effectively substantive and as a practical matter binding on a federal trial court when it tries an Alabama tort claim seeking punitive damages."). See also <u>Ray v. Ford Motor Co.</u>, No. 3:07CV175-WHA-TFM, 2011 WL 6183099, at *5 (M.D. Ala. Dec. 13, 2011). See also <u>Warren v. Ford Motor Credit Co.</u>, 693 F.2d 1373, 1378 (11th Cir. 1982) (a jury generally may not be informed of the wealth or poverty of the parties, subject to certain recognized exceptions which are not applicable here).

4. Defendant seeks an order preventing the Plaintiff or Plaintiff's counsel from mentioning, eliciting testimony with respect to, or offering any evidence in any form that incorrectly characterizes 21st Mortgage Corporation as a "debt collection company", a "bill collector", a "collector", etc. Said evidence is precluded pursuant to <u>FED. R. EVID.</u> 401, 402 and 403 because such information is a mischaracterization, is irrelevant and immaterial as to the alleged actions and/or culpability of 21st Mtg. in this matter and the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. There is no dispute in this matter that 21st 21st Mtg. specializes in financing of manufactured housing through direct lending, broker lending and indirect lending. It originates its own loans and also services loans. In December of 2004, 21st Mtg. Corporation became the servicer and holder of the subject Installment Contract. (See Defendant's Brief in Support of its Motion for Summary Judgment, pp. 2-3 and its supporting evidence).

5. Defendant seeks an order preventing the Plaintiff or Plaintiff's counsel from mentioning, eliciting testimony with respect to, or offering any evidence in any form regarding Defendant's Bonus Structure, Portfolio Manager Bonus Criteria, Incentive Programs, etc. Defendant contends that this testimony and/or evidence is irrelevant and prejudicial to the Defendant. Further, Defendant contends that the probative value of said evidence is substantially outweighed by its prejudicial effect. <u>FED. R. EVID.</u> 401, 402 and 403.

## SHORTEL SYSTEM

6. Defendant seeks an order preventing the Plaintiff or Plaintiff's counsel from mentioning, eliciting testimony with respect to, or offering any evidence in any form in an attempt to portray the business decision and upgrade to the Shortel Telephone System as some sort of spoliation of evidence. This case was filed August 14, 2012. 21st Mortgage Corporation made a business decision to upgrade from the Nortel telephone system to a new VOIP, Shortel telephone system beginning in at least early 2012[1]. This upgrade itself took place beginning in the middle of July, 2012. On August 11, 2012, the switch was complete and the new Shortel telephone system was put live and the Nortel telephone system was no longer used by 21st Mortgage Corporation. (See Doc 22-2).Defendant reserves

---

[1] This will be more thoroughly addressed in Defendant's Brief regarding Spoliation.

the right to brief this subject and the Plaintiff's requested Spoliation Jury Charge as requested by this Honorable Court at the pre-trial conference.

7. Defendant seeks an order preventing the Plaintiff's counsel from injecting their personal opinions at this trial, whether it be as to the justice of their cause, credibility of their witnesses, or otherwise, and also from attacking the integrity of opposing counsel.

### EMPLOYMENT RECORDS AND DISCIPLINARY ACTIONS

8. Defendant seeks an order preventing the Plaintiff or Plaintiff's counsel from mentioning, eliciting testimony with respect to, or offering any evidence in any form regarding any 21st Mtg. employee's employment records or disciplinary actions, including but not limited to the following employees: Kevin Bunch; Chip Fischer; Tim Holt; Lisa Morrell; Alex Sauls; or Amy Rickett. This potential evidence is irrelevant, is likely to cause confusion, and is prejudicial. FED. R. EVID. 401, 402, 403.

### FAMILY, FRIENDS AND RELATIVES

9. Defendant seeks an order preventing the Plaintiff or Plaintiff's counsel from mentioning, eliciting testimony with respect to, or offering any evidence in regard to contents of any conversations that the Plaintiff had with any of his relatives, friends, or neighbors (including, but not limited to, Lauren Randall, Dustin Randall, Mary Honkanen, Richard Honkanen, Myrtle Hunt, Joy Hunt, Jane Blalock and Bricen Blalock) in which they informed Plaintiff that they were contacted by 21st Mtg. For instance, Plaintiff in his Motion for Partial Summary Judgment relied upon his own deposition testimony for the proposition that 21st. Mtg. contacted his neighbors and his relatives including his mother, his sister, his ex-wife and his daughter. (Doc. 45 page 4-5, 11, 15). Such evidence clearly constitutes inadmissible hearsay (FED. R. EVID. 801 and 802); is irrelevant, is likely to cause confusion, and is prejudicial (FED. R. EVID. 401, 402, 403); and is otherwise not admissible under the Federal Rules of Evidence.

### OTHER MATTERS

10. Defendant seeks an order preventing any witness, whether expert or lay, from giving an opinion that constitutes a legal conclusion or amounts to application of a legal definition. FED. R. EVID. 701 and 704.

11. Defendant seeks an order preventing the Plaintiff or Plaintiff's counsel from attempting to offer a deposition as an exhibit or read deposition testimony (other than for impeachment purposes) at the trial of this matter in lieu of live testimony from a witness. Depositions are clearly not themselves admissible as exhibits at trial and the Plaintiff has failed to identify the portions of those depositions that it intends to use under Federal Rules of Civil Procedure FED. R. CIV. P. 26(a)(3)(A)(ii). In addition, these depositions are themselves inadmissible hearsay or contain inadmissible hearsay (FED. R. EVID. 801 and

5

802). Further, portions of these depositions are irrelevant, are likely to cause confusion, and are prejudicial (F<small>ED</small>. R. E<small>VID</small>. 401, 402, 403).

12. Defendant reserves the right to amend its Motion in Limine.

**WHEREFORE, PREMISES CONSIDERED**, 21st Mtg. respectfully requests this Honorable Court enter an Order granting this Motion in Limine and for such other relief it deems mete and proper.

Respectfully submitted,

/s/ James E. Mitchell, Jr.
DAVID M. WILSON  (ASB-1797-N71D)
JAMES E. MITCHELL, JR.  (ASB-9127-E62M)
Attorneys for the Defendant
21st Mortgage Corporation

**O<small>F</small> C<small>OUNSEL</small>:**
W<small>ILSON</small> & B<small>ERRYHILL</small> P.C.
One Metroplex Drive
Suite 250
Birmingham, Alabama  35209
Telephone (205) 252-4441
Facsimile (205) 252-0320
david@wilsonberryhill.com
jimmy@wilsonberryhill.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all Counsel of Record in this cause by e-mail and/or by placing a copy of same, properly addressed and postage paid, in the U. S. Mail on this the 7th day of November, 2014.

Wesley Phillips, Esquire
Phillips Law Group, LLC
P.O. Box 362001
Birmingham, Alabama  35236
wlp@wphillipslaw.com
wphillipslaw@gmail.com

John G. Watts, Esquire
M. Stan Herring, Esquire
W<small>ATTS</small> & H<small>ERRING</small>, LLC
301 19th Street North
Birmingham, Alabama 35203
john@wattsherring.com
stan@wattsherring.com

/s/ James E. Mitchell, Jr.
Of Counsel: