# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:12-cv-02697-LSC |
| | ) |
| 21ST MORTGAGE GROUP, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S MOTION IN LIMINE TO BAR REFERENCE TO PLAINTIFF'S CHARACTER, PLAINTIFF'S MOTIVES, UNRELATED LAWSUITS AND/OR CLAIMS, AND THE EXISTENCE OF A DEBT

**COMES NOW** the Plaintiff, Charles Hunt, by and through his attorneys, and hereby submits his Motion in Limine to Bar Reference to Plaintiff's Character, Plaintiff's Motives, Unrelated Lawsuits and/or Claims, the Existence of a Debt, and Plaintiff's Fee Agreement. In support thereof, Plaintiff states as follows:

1. This cause was filed in part pursuant to the federal the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and under Alabama Law for Invasion of Privacy.

2. Any and all questions and reference to Plaintiff's character, Plaintiff's motives, unrelated lawsuits and/or claims, and the existence of a debt, are irrelevant to Plaintiff's underlying claims.

3. Defendant does <u>not</u> oppose any of Plaintiff's proposed Motions in Limine

**I. INTIMATIONS AS TO PLAINTIFF'S CHARACTER, AND INFLAMMATORY OR PREJUDICIAL ARGUMENTS REGARDING FALLACIES ASSOCIATED WITH CONSUMER DEBTORS, ARE NOT RELEVANT TO THE MATTER BEFORE THIS COURT.**

4. "One of the most frequent fallacies concerning consumer legislation is the contention that the primary beneficiaries are deadbeats." S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1697. Despite such a congressional finding, debt collectors have in the past attempted to submit argument to the contrary.

5. "No section of the Act requires an inquiry into the worthiness of the debtor, or purports to protect only 'deserving' debtors. To the contrary, Congress clearly indicated its belief that no consumer deserves to be abused in the collection process.'' *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F. 3d 1322, 1330 (7th Cir. 1997); s*ee also Federal Trade Comm'n v. Check Investors, Inc.*, F. 3d , 2007 WL 2505589 (3d Cir. Sept. 6, 2007).

6. Defendant should be precluded from making any ''deadbeat'' claims, which Congress itself recognized as a fallacy.

## II. REFERENCE TO UNRELATED LAWSUITS AND/OR CLAIMS REGARDING EITHER PLAINTIFF OR DEFENDANT IS IMPROPER.

7. The issue before this Court is whether Defendant violated the TCPA and invaded Plaintiff Charles Hunt's Privacy, not any other lawsuits or bankruptcy of the Plaintiff. Such references have no probative value and have been construed as an inappropriate attempt to garner unfair prejudice, confuse the issues, or mislead the jury. Fed. R. Evid. 403, 404, 608, 802; *McKee v. Erikson*, 654 A. 2d 1263, 1267 (1995) (appeals to passion or prejudice have no place in the jury system); *DeFelice v. American Inter. Life Assur. Co.*, 112 F. 3d 61, 67 (2d Cir. 1997) (evidence excluded when risk of confusing or distracting jury); *Soller v. Moore*, 84 F. 3d 964 (7th Cir. 1996) (same); *Haynes v. Coughlin*, 79 F. 3d 285, 291–293 (2d Cir. 1996) (evidence of other similar incident inadmissible and prejudicial); *Lanham v. Whitfield*, 805 F.2d 970 (11th Cir. 1986) (evidence of other litigation excluded; confuses the issues, misleading to the jury and causing prejudice to the party); *Bradley v. Soo Line RR. Co.*, 88 F.R.D. 307, 310 (E.D. Wis. 1980) (evidence that more than one claim filed by same plaintiff against same defendant is prejudicial).

## IV. THE EXISTENCE OR VALIDITY OF AN UNDERLYING DEBT IS NOT MATERIAL.

8. Similar to other consumer protection statutes, like the FDCPA, Defendant is required to comply with the TCPA whether or not any debt is owed

3

and whether or not the loan was late or in default. 15 U.S.C. § 1692a(3), (5), (6). The existence or validity of an underlying debt is not material in a consumer action. *McCartney v. First City Bank*, 970 F. 2d 45 (5th Cir. 1992); *Baker v. G.C. Services Corp.*, 677 F. 2d 775, 777 (9th Cir. 1982). Defendant should not be permitted to examine or refer to any other debt or to whether the plaintiff or anyone else owes, owed or was late on the debt underlying this case. It is simply irrelevant as to whether defendant violated the TCPA or invaded the Plaintiff's privacy.

**V. THE FEE AGREEMENT BETWEEN PLAINTIFF AND COUNSEL IS IMMATERIAL AND IRRELEVANT TO PLAINTIFF'S CASE.**

9. The fee agreement between Plaintiff and counsel should not be referenced or admitted.

10. Just as the fee agreement between Defendant and its lawyers should not be referenced or speculated upon, the Plaintiff's agreement with his attorneys is irrelevant and immaterial to the issues in this case.

11. The fee agreement has no bearing upon whether the TCPA was violated.

12. It has no bearing upon whether Plaintiff is entitled to statutory damages.

13. It has no bearing upon whether Plaintiff is entitled to actual damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an order barring questions or references to Plaintiff's character, Plaintiff's motives, unrelated lawsuits and/or claims, the existence of a debt, and Plaintiff's fee agreement with his attorneys precluding statements or references denigrating Plaintiff or Plaintiff's status as a private attorney general enforcing public policy, and limiting Defendant's examination of Plaintiff and arguments to the issues in this case.

Respectfully submitted this **7th** day **November, 2014**.

/s/ Wesley L. Phillips
Wesley L. Phillips
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
wlp@phillipslaw.com

/s/ M. Stan Herring
John G. Watts (ASB-5819-t82j)
M. Stan Herring (ASB-1074-n72m)
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

      I hereby certify that on **November 7, 2014**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


David M. Wilson
James E. Mitchell, Jr.
WILSON & BERRYHILL
One Metroplex Drive, Suite 250
Montgomery, Alabama 35209


                                              /s/ M. Stan Herring
                                              OF COUNSEL