IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES HUNT, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 21st MORTGAGE CORPORATION, ) <br> a Corporation, ) <br> ) <br>     Defendant. ) | Civil Action No.: <br> 12-CV-2697-LSC |

## INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

1

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence -that is, the testimony of the witnesses and the exhibits I have admitted in the record - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions that reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your

decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said

or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a

preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

## INVASION OF PRIVACY CLAIM

Plaintiff claims damages of the defendant for the violation of his right of privacy by an intrusion upon his physical solitude or seclusion. The burden is upon the plaintiff to reasonably satisfy you by the evidence of the truthfulness of his claim of the violation of his privacy by the defendant. The plaintiff would be entitled to a verdict if you are reasonably satisfied from the evidence that defendant has violated plaintiff's right of privacy and if you are further reasonably satisfied from the evidence that the plaintiff suffered the injuries and damages claimed by him as a proximate result of such wrongful conduct on the part of the defendant

A wrongful intrusion upon a person's solitude or seclusion is defined as the intentional wrongful intrusion by the defendant into the plaintiff's

private activities in such manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. There must be something in the nature of a prying or intrusion which would be offensive or objectionable to a reasonable person. The intrusion may be a physical intrusion by the defendant into a place in which the plaintiff has secluded himself, or it may be by use of the defendant's senses, with or without mechanical aids, to oversee or overhear the plaintiff's private affairs. The intrusion may be into a private physical space, or it may be into the plaintiff's emotional sanctum. The thing into which there is an intrusion must be of the type considered to be private, and it should be entitled to be private. In determining whether there was a wrongful intrusion, you may consider whether the means used by defendant to gather the private information were excessively objectionable or improper, or whether the defendant's purpose for obtaining the private information was objectionable or improper.

If you find in favor of the defendant and against the plaintiff on his claim then your verdict is for the defendant. In such case you would need to indicate that on the verdict form and return the same to the court. You would have no reason to consider the issue of damages. However, if you find for the plaintiff on his claim then you would need to

6

consider the issue of damages. The following instructions are provided to assist you in deciding damages.

## DAMAGES

The plaintiff claims both compensatory and punitive damages. I will first address compensatory damages.

You must first decide whether the plaintiff was harmed and if so, whether 21ST Mortgage's conduct caused that harm. 21st Mortgage's conduct caused the harm if (1) the conduct naturally and probably brought about the harm and (2) the harm would not have happened without the conduct.

Charles Hunt says that he experienced mental anguish as a result of the defendant's conduct. There is no legal rule or yardstick that tells you how much money to award for mental anguish. The amount you decide to award is up to you, but it must be fair and reasonable, based on sound judgment, and proved by the evidence. In deciding the amount of the award, you may consider, among other things, the nature, severity, and length of time Charles Hunt had mental anguish.

If you find that Charles Hunt has proven his invasion of privacy claim but conclude that Charles Hunt has failed to present sufficient evidence of actual damages, then you may award only nominal damages.

7

Nominal damages are a small amount of money awarded, for example $1.00, when you are reasonably satisfied from the evidence that Charles Hunt has been harmed, but he has not proved the amount that you should award. "Nominal damages consist of a small, trivial, or insignificant sum of money and are given merely to vindicate the defendant's technical violation of plaintiff's rights."

As to Charles Hunt's state law claims of invasion of privacy, if you are reasonably satisfied from the evidence that the plaintiff's privacy was violated and that such violation was accompanied by insult or malice, you may, in your discretion, assess punitive damages by way of punishment although the actual injury is purely nominal.

Punitive damages are awarded to a plaintiff to punish a defendant for its wrongful conduct, and to protect the public by deterring or discouraging the defendant and others from doing the same or similar wrongs in the future. Before you can award punitive damages (1) you must have decided to award Charles Hunt compensatory or nominal damages; and (2) Charles Hunt must have proved by clear and convincing evidence that 21st Mortgage consciously or deliberately acted toward Charles Hunt with insult or malice.

Clear and convincing evidence means evidence that, when weighed

against opposing evidence, produces in your mind a firm conviction about each element of the claim and a high probability that your conclusion is correct. Proof by clear and convincing evidence requires a level of proof greater than proof to your reasonable satisfaction from the evidence or the substantial weight of the evidence, but it is less than proof beyond a reasonable doubt.

Malice is the intentional doing of a wrongful act without just cause or excuse, either:

    1. With an intent to injure the person or property of another person or entity, or

    2. Under circumstances that the law will imply an evil intent.

Whether you award punitive damages is up to you. If you do, the amount of the award is determined by the character and degree of the defendant's wrongful conduct, and the necessity to prevent the same or similar wrongful conduct by the defendant and others in the future.

Of course, the fact that I have given you instructions concerning the issue of Charles Hunt's damages should not be interpreted in any way as an indication that I believe that Charles Hunt should, or should not, prevail in this case.

Any verdict that you reach in the jury room must be unanimous. In other words, to return to a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.

While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.