IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION



FILED
NOV 19 2014
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CHARLES HUNT, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 2:12-cv-2697-LSC |
| 21ST MORTGAGE CORPORATION, | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Fed. R. Civ. P. 50(a), Defendant 21st Mortgage Corp. ("21st Mortgage") moves this Court to enter judgment as a matter of law in its favor as to all claims asserted by Plaintiff Charles Hunt ("Plaintiff"). This motion is based upon the following grounds, separately and severally:

**Substantial Evidence Does Not Support Plaintiff's Invasion of Privacy Claim**

1. Plaintiff did not introduce substantial evidence to support each element of his claim for invasion of privacy under Alabama law.

2. Plaintiff did not introduce substantial evidence that 21st Mortgage intentionally intruded into Plaintiff's physical solitude or seclusion. *S.B. v. Saint James School*, 959 So.2d 72, 90 (Ala.2006); *Glenn v. Checksmart Fin. Co., Inc.*, 2014 WL 279677, at *3 (N.D. Ala. Jan. 7, 2014).

1

3. Plaintiff did not introduce substantial evidence that 21st Mortgage intentionally intruded into matters that were of a private nature. *Livingston v. Marion Bank and Trust Co.*, 2014 WL 3347910, at *26 (N.D. Ala. July 8, 2014); *Ex parte Atmore Community Hosp.*, 719 So.2d 1190, 1194 (Ala.1998).

4. Plaintiff did not introduce substantial evidence that 21st Mortgage's conduct involved more than "numerous harassing calls." *Jacksonville State Bank v. Barnwell*, 481 So. 2d 863, 865 (Ala. 1985).

5. Plaintiff did not introduce substantial evidence that the intrusion was so offensive or objectionable that a reasonable person subjected to it would experience outrage, mental suffering, shame, or humiliation. *Glenn v. Checksmart Fin. Co., Inc.*, 2014 WL 279677, at *3 (N.D. Ala. Jan. 7, 2014); *Hope v. BSI Fin., Inc.*, 2012 WL 5379177, at *5 (N.D. Ala. Oct. 26, 2012); *Leahey v. Franklin Collection Services, Inc.*, 756 F.Supp.2d 1322, 1327–28 (N.D. Ala. 2010); *Sparks v. Phillips & Cohen Assocs., Ltd.*, 641 F.Supp.2d 1234, 1252–53 (S.D. Ala. 2008); *Windsor v. General Motors Acceptance Corp.*, 295 Ala. 80, 323 So.2d 350 (Ala. 1975).

6. Plaintiff did not introduce substantial evidence that the intrusion "exceed[s] the bounds of reasonableness." *Jacksonville State Bank v. Barnwell*, 481 So. 2d 863, 865-66 (Ala. 1985)

7. Plaintiff did not introduce substantial evidence that he suffered any damages attributable to the intrusion.

8. Plaintiff failed to present clear and convincing evidence that he is entitled to punitive damages, and therefore, he is not entitled to punitive damages as a matter of law. Ala. Code § 6-11-20 (1975).

9. Plaintiff failed to introduce clear and convincing evidence to prove each element of each of his invasion of privacy so as to allow an award of punitive damages on the claim.

10. The recovery of punitive damages in this action would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America.

11. The recovery of punitive damages in this action would violate the Due Process Clause of Article One, Section Six of the Constitution of Alabama.

Respectfully submitted,

/s/ David M. Wilson
DAVID M. WILSON (ASB-1797-N71D)
JAMES E. MITCHELL, JR. (ASB-9127-E62M)
Attorneys for the Defendant 21st Mortgage Corporation

**OF COUNSEL:**
WILSON & BERRYHILL P.C.
One Metroplex Drive, Suite 250
Birmingham, Alabama 35209
Telephone (205) 252-4441